Bertram Harnett, J.
A separation agreement was executed by the parties on May 5, 1967 in New York and subsequéntly incorporated into, but not merged in, a divorce decree secured in Mexico.
The plaintiff, Claire Fischl, now moves for an order awarding her summary judgment and for reimbursement under the agree *283 ment of certain income taxes paid by her. The defendant, Bruce Fischl, cross-moves for summary judgment and dismissal of the plaintiff’s cause of action.
Among the provisions presented for scrutiny is one which reads: 1 ‘ Should any dispute arise hereunder the parties will submit the same to their respective attorneys in an effort to resolve the dispute, but if such procedure is unsuccessful, the parties shall be left with any remedies they may have at law or equity. ’ ’
The defendant claims that the plaintiff did not submit the matter to the attorneys under the above provision, and that, therefore, her suit is premature.
Assuming such a contractual provision is effective, and not illusory — which is susceptible to some doubt — this court believes the plaintiff has complied with her essential requirement. When the dispute arose as to the payment of taxes, plaintiff’s attorney, by letter dated May 6, 1968, requested that the defendant obtain an attorney to discuss the matter with the plaintiff’s counsel. The defendant did not respond by June 24, 1968, when a summons and complaint were then served upon him.
The separation agreement itself is silent with respect to the permissible time lag between the origin of a dispute and the submission to the parties ’ attorneys. However, it is well settled that in such instances there is an implied agreement that the act shall be performed within a reasonable time (City of New York v. New York Cent. R. R. Co., 275 N. Y. 287, 292-293). While ordinarily the question of reasonable time is for resolution by the trier of the facts (Moore v. Maddock, 224 App. Div. 401, affd. 251 N. Y. 420), where the facts are undisputed the question will be deemed one of law (cf. Levant Amer. Commercial Co. v. Wells & Co., 186 App. Div. 497; Weisberg v. Art Work Shop, 226 App. Div. 532).
Based upon the reasonable assumption that the letter of May 6, 1968 was received shortly after its date by the defendant, six weeks elapsed without any word from the defendant or any attorney representing him. In the face of his unexplained silence, defendant cannot now claim with fairness that the plaintiff failed to submit the dispute to the parties ’ attorneys before instituting suit. Moreover, the parties are now before the court, so hopelessly divided and apart from effective communication, even between their attorneys, as reflected by the submitted papers, that action now by this court is clearly indicated as the most reasonable course.
The agreement requires Bruce Fischl to pay to Claire Fischl the am mint of said taxes ‘ ‘ which the wife shall have incurred *284 by virtue of payments above described.” Claire Fischl’s interpretation is that Bruce Fischl is required to pay so much added income tax as results from the inclusion of the payments in her income. She figures her income tax bill including the husband’s payments, then her potential income tax were .the payments not included, and the latter subtracted from the former gives the tax contribution. This conclusion is necessitated by the language of the separation agreement and standard tax accounting practice. If the parties had a contrary intent, they could have drafted a clause providing a special formula, or restricting the wife’s income to a specific level, or limiting her income to her husband’s payments (see 4 Rabkin & Johnson, Current Legal Forms With Tax Analysis, § 10.53, subds. [h], [i] and [j]; 1 Rabkin & Johnson, Federal Income Gift and Estate Taxation, § 5.07), but this they did not do.
The plaintiff was required, under the law, to file a declaration of estimated income with the Federal and State' authorities (United States Code, tit. 26, § 6015; Tax Law, § 655, subd. [a]). This estimated income included payments made by the defendant under the separation agreement and, therefore, the plaintiff incurred a tax liability by virtue of these payments (United States Code, tit. 26, § 6153; Tax Law, § 656). Accordingly, the defendant is obliged to reimburse the plaintiff for tax payments made in connection with her filing a declaration of estimated income.
The defendant’s motion for summary judgment is denied. The plaintiff’s motion for summary judgment is granted to the extent of setting an assessment of damages down pursuant to CPLR 3212 (subd. [c]).