**In re David J. and Margaret E. BULLEN, Debtors.**

**Louis A. RYEN, as Trustee, Plaintiff,**

**v.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Bruce Locklin, Dolores Locklin, Security Trust Company of Rochester and Sears, Roebuck Company, Defendants.**

**Bankruptcy Nos. 79–24303, 80–2051A.**

United States Bankruptcy Court, W. D. New York.

June 1, 1981.

---

**3.** Bankruptcy Rule 407 provides that "[a]t a trial on a complaint objecting to a discharge,

the plaintiff has the burden of proving the facts essential to his objection."

**441**

ty interest in the vehicle until the purchase price was paid in full. The defendant, GMAC, perfected a security interest and two Form 901s (Notices of Recorded Lien) were issued to the defendant on November 22, 1978 and April 3, 1979. A check dated October, 15, 1978 and payable to GMAC in the amount of $462.50 was issued to the defendant and the defendant concedes that it was issued on October 15, 1979. The balance due to GMAC at the time the debtors filed their petition in bankruptcy on December 18, 1979 was $8,924. The Blue Book value is given at $4,050.

The trustee relies almost in whole upon *McCormick v. Bancohio National Bank*, 5 B.R. 726, 6 B.C.D. 889 which held that payments made to the secured creditor within 90 days of his filing are voidable preferences to the extent the creditor is undersecured at the time the payments were made. It also held that such payments enable the creditor to receive more than the creditor would have received in a liquidation proceeding had the payments not been made. In the *McCormick* case, which was decided on facts virtually identical to the case at bar, the Court assumed that the payments were applied to the unsecured portion of the claim.

■ In the case at bar, the Court is asked to assume that the $462.50 payment was applied to the unsecured portion. The Court is asked to assume that the Blue Book value of the car is the actual value of the car and that the value is $4,050. The essence of a motion for summary judgment is that no proof need be taken since the question presented is one of law and not of fact. 73 Am.Jur.2d, Summary Judgment § 15.

■ In the case at bar, if the debtors had not made the payment to GMAC in October of 1979, GMAC, under its security agreement, would have been entitled to pick up the car and sell it at that time. It seems reasonable that had GMAC sold the car in October of 1979, they would receive more money than they would get selling it later. A car depreciates and falls in price the

Lacy, Katzen, Ryen & Mittleman by David MacKnight, Rochester, N. Y., for debtor.

John G. Curran, Rochester, N. Y., for General Motors Acceptance Corp.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The trustee has commenced an action to recover a preference under § 547 of the Bankruptcy Code. Both parties have moved for summary judgment.

The facts appear to be as follows. In October of 1978, the debtors purchased a 1978 Pontiac and executed a retail installment contract which was assigned to GMAC in the amount of $10,979.04. This agreement was payable over a 48 month period. Payments were $228.73 per month. The retail installment contract granted a securi-

longer it is held. This diminution in value commonly known as depreciation is not taken into account in the trustee's motion.

Furthermore, the payments received by GMAC at that time would have included interest which they are entitled to receive to the filing of the petition in bankruptcy. This was early in the repayment of the debt and the interest would have constituted the major part of the payment received by GMAC. The amount of interest has not been taken into account in the trustee's motion.

Therefore, there are facts to be ascertained. This is not merely a question of law. Both motions for summary judgment are denied and the case is assigned to the trial calendar and it is so ordered.