**In re C. H. STUART, INC. and Liege, Inc., Debtors.**

**C. H. STUART, INC., Plaintiff,**

**v.**

**SARATOGA WATER SERVICES, INC., and Hall & Company, Inc., Defendants.**

**Bankruptcy Nos. 81–20331, 81–20332 and 81–2078A.**

United States Bankruptcy Court, W. D. New York.

Feb. 2, 1982.

Shea & Gould, New York City by Franklin T. Russell, Newark, N. J., for C. H. Stuart, Inc.

Keith J. Roland, Albany, N. Y., for Saratoga Water Services, Inc.

Robert E. Ganz, Albany, N. Y., for Hall & Co., Inc.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

C. H. Stuart, debtor and plaintiff in the action, contracted with defendant, Saratoga Water Services (Saratoga) on October 17, 1979 to build a fire protection water tank in Malta, New York. The contractor hired by Saratoga was defendant, Hall & Company, Inc. (Hall). Saratoga hired the architect for the project.

The tank was built and after certification by the architect that the work was done properly and in accordance with the plans and specifications, Hall received payment in full. Thereafter, the tank experienced leakage of a significant volume of water and Saratoga threatened to shut off service to the plaintiff's water tank.

Plaintiff filed a complaint in this Court on March 31, 1981 asserting three counts, the latter two relating to plaintiff's dispute with Saratoga. The first count allegedly seeks a declaratory judgment against both Hall and Saratoga directing them to make repairs to the tank and requiring defendants to pay for water charges incurred by reason of the leakage.

Defendant, Hall, moved to dismiss for lack of subject matter jurisdiction and failure to state a cause of action. The motion was held in abeyance pursuant to stipulation of the parties and Court order on April 8, 1981 requiring inspection of the water tank by a mutually agreed upon engineer. The engineer performed his inspection and issued a report stating "no obvious faults in the construction were observed which might be responsible for the outward leakage of water from the tank." Based on this report, defendant, Hall, moved for summary judgment that it was not liable for the leakage. Plaintiff opposes the motion on the somewhat vague allegation that since the tank leaks, Hall must have done something wrong.

Rule 56(e) of the Federal Rules of Civil Procedure provides:

§ 56(e) When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegation or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In Wright and Miller, *Federal Practice and Procedure*, § 2739 (1973 Ed), the author states with regard to Rule 56(e):

"The party opposing the Summary Judgment motion does not have the right to withhold his evidence until trial, nor can he demand a trial because of the speculative possibility that a material issue of fact may appear at that time."

Plaintiff cannot rely on the bare allegations of its complaint and it has given no indication that it intends to bring forth any evidence on these matters. Plaintiff has had ample time to seek discovery and sought none before the hearing on defendant's motion. The complaint and the papers before this Court completely fail to demonstrate any evidence of poor workmanship causing the leakage and in fact the only evidence on the record shows that other professionals (i.e. the architect and inspecting engineer) believe the work was properly done. Therefore, defendant's motion should be granted.