■ RICHARD SPAGNA, Appellant, v SIDNEY E. LICHT, Respondent. — In an action to recover on an instrument for payment of a sum of money only, commenced by service of a summons with notice of motion for summary judgment in lieu of complaint, plaintiff appeals from an order of the Supreme Court, Kings County (Greenstein, J.), entered October 9, 1981, which, *inter alia,* denied his motion for summary judgment. Order affirmed, with $50 costs and disbursements. The following facts are undisputed. In May of 1978, plaintiff loaned defendant $23,000. On November 11, 1980, defendant, in writing, acknowledged the indebtedness, stating that the amount "will be repaid as soon as circumstances permit." On June 10, 1981, plaintiff's attorney made a demand upon defendant for repayment of the loan. Defendant has failed and refused to make payment. In June of 1981, plaintiff commenced this action by service of a summons with notice of motion for summary judgment in lieu of complaint, pursuant to CPLR 3213. He asserted, *inter alia,* that a reasonable time for repayment should be implied by law. In opposition defendant argued that the acknowledgment was not an instrument for the payment of money only as contemplated by CPLR 3213, since it did not contain an unconditional promise to pay, nor did it give a definite time for repayment. He asserted that any and all sums loaned to him by plaintiff "were to be repaid at [defendant's] convenience, the same having been expressly agreed upon between the parties. Plaintiff and [defendant] having known each other for the

past 50 years." Special Term agreed with defendant and denied the motion for summary judgment, finding that the time for repayment was uncertain and was an issue of fact to be determined at a trial. Initially, we note that an agreement that a debtor shall pay when "convenient" constitutes a promise to pay within a reasonable time (see *Bottum v Moore,* 13 Daly 464; *Howes' Executor v Woodruff,* 21 Wend 640). Accordingly, the assertion in defendant's affidavit that payment was due at his convenience was a judicial admission that repayment was due within a reasonable time. Moreover, at oral argument before this court, counsel for defendant conceded that the agreement between the parties was that the debt of $23,000 was to be repaid within a reasonable time. The determination of what is a reasonable time is usually a question of fact, but when there are no disputed facts, what is a reasonable time becomes a question of law, and the case is a proper one for summary judgment (see *Eastern Shopping Centers v Trenholm Motels,* 33 AD2d 930, 932). In determining what is meant by reasonable time, all the facts and circumstances of the case should be considered, including the subject matter of the agreement, the situation of the parties, their intention, what was contemplated at the time the agreement was entered into, as well as the time that a person of ordinary diligence and prudence would use under the circumstances (see *Glen Cove Marina v Vessel Little Jennie,* 269 F Supp 877; *Lake Steel Erection v Egan,* 61 AD2d 1125). The facts which are before us in the instant case are insufficient to allow us to make a determination as a matter of law whether three years was a reasonable time within which to make repayment of a $23,000 loan. Accordingly, summary judgment was properly denied, as a factual issue exists regarding reasonable time. Damiani, J. P., Lazer, Gibbons and Gulotta, JJ., concur.