In re Daryl B. FREDERES d/b/a Alexandria Bay Boat Works Debtor.

Daryl B. FREDERES, Plaintiff,

v.

Larry James FERGUSON, Foremeadows Investment, Ltd., Ginny Blue Corporation, Fairfield Holdings, Ltd., G. Van Buiten & Son, Inc., Kemp Construction, Inc., Rt. 37 Building Supply, Inc. and Torrington Industries, Inc., Defendants.

Bankruptcy Nos. 88–21065, 89–2083A.

United States Bankruptcy Court,
W.D. New York.

Jan. 2, 1990.

Lacy, Katzen, Ryen & Mittleman by Stephen P. Mayka, and David D. MacKnight, Rochester, N.Y., for debtor.

Shapiro, Rosenbuam & Liebschutz by Warren B. Rosenbuam, Rochester, N.Y., for Larry James Ferguson, Foremeadows Inv., Ltd. and Ginny Blue Corp.

Woods, Oviatt, Gilman, Sturman & Clarke by Paul Groschadl, Rochester, N.Y., for Fairfield Holdings, Ltd.

Underberg & Kessler by Miles P. Zatkowsky, Rochester, N.Y., for Kemp Const., Inc. and Route 37 Building Supply, Inc.

Hinman, Howard & Kattell by Louis J. Callea, Binghamton, N.Y., for G. VanBuiten & Son, Inc.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This is a motion by the Plaintiff, Daryl B. Frederes (hereinafter "Frederes") for partial summary judgment. Essentially, the

Plaintiff is seeking summary judgment to determine that Foremeadows Investment, Ltd. (hereinafter "Foremeadows") and Larry James Ferguson (hereinafter "Ferguson") breached the contract and to determine partial damages.

The following facts are undisputed. Frederes doing business as Alexandria Bay Boatworks, filed for protection under Chapter 11 of Title 11 of the United States Code on July 21, 1988. Some time during the Fall of 1988, Ferguson acting on behalf of Foremeadows approached Frederes with a joint venture proposal. Subsequently, an agreement to purchase (hereinafter the "Contract") was entered into between Frederes as debtor-in-possession, Ferguson personally and Foremeadows. A hearing was conducted and an Order approving the Contract was signed on January 9, 1989. The essence of the Contract was that Frederes would convey approximately 4.5 acres of real property located in Alexandria Bay, Alexandria, New York to Foremeadows and in consideration, Foremeadows was to renovate, repair and improve both the property retained by Frederes and the property conveyed to Foremeadows at a cost of not less than $200,000. One of the things specifically listed in this category required Foremeadows to move a Butler Steel building off its newly acquired property to a site to be chosen by Frederes.

The agreement also called for Foremeadows to construct 60 dwelling units on the property it had purchased. These units were to be constructed in accordance with specifications stated in the Contract.[1] Foremeadows was solely responsible for construction and completion of the 60 units. Foremeadows also agreed to transfer four units in Unit B of the dwelling project to Frederes. The four units were to be conveyed to Frederes free and clear of any liens or encumbrances. Under the Contract, Foremeadows was to keep the "entire property" free and clear of all mechanics liens.

The closing was on March 6, 1989. In April, 1989, a controversy arose over the Butler Steel building. This, however, was settled by a stipulation between Frederes and Foremeadows entered into in open Court on April 27, 1989 and approved by Order dated May 25, 1989. Foremeadows did not comply with the stipulation and Order. Foremeadows was required to enter into a contract to have a new foundation built for the building and supply Frederes with a copy. Frederes has not received a copy and no foundation has been built. Foremeadows was to construct a roadway on which the building could be moved to its new location. The roadway built extended only far enough so that the building could be moved off the property which Foremeadows was to convey to its general contractor. The building now rests on steel girders at the end of a partially constructed roadway.

The dwelling units were not complete at the time this motion was heard and were open to the weather.[2] No work has been done on them since April or May of 1989. Foremeadows claims the units are sixty percent complete but admits they have no doors, no interior walls, no floors, no electrical service, water, sewerage or shingles. Further, they are not furnished and carpeted. Foremeadows did tender a deed for four units in Unit B to Frederes on August 31, 1989. However, Foremeadows acknowledges that at the time the deed was tendered there were at least $250,000 worth of mechanics liens filed against the property. The deed was rejected by letter 41 days after it was tendered. Finally, no condominium approval has been applied for and no environmental impact statement has been filed.

Bankruptcy Rule 7056, Summary Judgement, makes F.R.C.P. 56 applicable to an adversary proceeding in Bankruptcy Court. "The essence of a motion for summary judgment is that no proof need be taken since the question presented is one of law and not of fact." *In re Bullen,* 11 B.R. 440, 441 (Bkrtcy.W.D.N.Y.1981). When a summary judgment motion is brought and

---

1. The Contract called for the units to be 800 square feet in size, furnished and carpeted.

2. It now appears that Foremeadows has sealed up the units for the winter.

properly supported, an opposing party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. F.R.C.P. 56(e). *See In re C.H. Stuart, Inc.*, 17 B.R. 610 (Bkrtcy.W.D.N.Y.1982).

The Contract in question did not specify a date upon which the dwelling units to be conveyed were to be completed and the date title for the four units in Unit B was to pass to Frederes. Both parties agree that a reasonable time must be implied when no time is set forth in the Contract.

Frederes argues that a reasonable time is determined by looking at the contemplation of the parties when contracting. He asserts and Foremeadows acknowledges that prior to entering into the Contract, he informed Foremeadows of his desire to achieve a tax savings by structuring the deal as a like-kind exchange under the Internal Revenue Code.[3] Frederes claims that as a matter of law, a reasonable time is the time in which the exchange had to have been made to effect a like-kind exchange. This is 180 days from the date of the closing, March 6, 1989 or September 2, 1989.

Foremeadows asserts that a reasonable time has not passed. Further, it contends that what is a reasonable time is a question of fact that will preclude summary judgment. Foremeadows also contends that even though it had no obligation to do so under the Contract, it tendered a deed to Frederes for four unfinished units on August 31, 1989. It did this to accommodate Frederes' desire to effect a like-kind exchange. Finally, Foremeadows asserts that any failure on its part to deliver the units to Frederes is directly attributable to Frederes' interference with the project by asserting a recision claim against Foremeadows.

▪▪▪ When a contract does not specify a time for performance, a reasonable one will be implied. *Schmidt v. McKay*, 555 F.2d 30, 35 (2d Cir.1977) (applying New York law); *City of New York v. N.Y. Central R.R. Co.*, 275 N.Y. 287, 292–93, 9 N.E.2d 931 (1937); *Young v. Whitney*, 111 A.D.2d 1013, 1014, 490 N.Y.S.2d 330 (3rd Dept.1985); *Lake Steel Erection, Inc. v. Egan*, 61 A.D.2d 1125, 1126, 403 N.Y.S.2d 387 (4th Dept.1978). Ordinarily, the question of what is a reasonable time is one of fact, however, if the facts are undisputed, it becomes a question of law and can be decided upon summary judgment. *Spagna v. Licht*, 87 A.D.2d 626, 627, 448 N.Y.S.2d 236 (2nd Dept.1982); *Towl v. Estate of Block*, 546 N.Y.S.2d 924, 926 (N.Y.Sup.Ct. 1989); *Fischl v. Fischl*, 59 Misc.2d 282, 283, 298 N.Y.S.2d 402 (1969). Since there are no facts in dispute, this is a question of law which may properly be decided on motion for summary judgment. *In re Bullen*, 11 B.R. 440, 441 (Bkrtcy.W.D.N.Y.1981).

Simply put, the Contract required Foremeadows to construct 60 dwelling units in Alexandria Bay and then to deliver four of those units free and clear of all liens and encumbrances to Frederes. Foremeadows admits the project is not complete and no work has been done on it since May of 1989. Whether or not the deed tendered to Frederes on August 31, 1989 was effective to transfer title to the property does not matter.[4] Even assuming the deed was effective to transfer title, the four units were not complete, were encumbered by at least $250,000 in mechanics liens and were not furnished as required by the Contract. Therefore, the only question that remains is whether or not a reasonable time for performance has passed.

▪▪▪ Some of the factors which a Court must look at to decide what is a reasonable time include: the nature and object of the contract, the presence or absence of good faith, what the parties contemplated at the

---

**3.** *See* 26 U.S.C. § 1031.

**4.** Whether or not the deed was effective to transfer title raises a question of fact as to damages and not as to the liability for breach of contract for failing to perform on time. Foremeadows claims that the deed was effective to transfer title and therefore, any tax liability Frederes suffers will be due to his rejection of title and not Foremeadows' failure to deliver the units within 180 days of the conveyance. Thus, this raises a question of fact as to damages and not as to liability.

time it was entered into, and the time that a person of ordinary diligence and prudence would use under the circumstances. *Zev v. Merman,* 73 N.Y.2d 781, 783, 536 N.Y.S.2d 739, 533 N.E.2d 669 (1988); *Spagna v. Licht,* 87 A.D.2d 626, 627, 448 N.Y. S.2d 236 (2nd Dept.1982); *Glen Cove Marina, Inc. v. Vessel Little Jennie,* 269 F.Supp. 877, 878 (D.C.N.Y.1967).

■ The nature and object of this Contract is easily found and agreed upon the both sides. Financial gain. Frederes would gain by having improvements made to his marina and if the units were rented, hopefully having a captive market of patrons for his marina. Foremeadows saw an underdeveloped area which was ripe for such a project. It saw a market untapped and wished to provide the vacationers of Alexandria Bay a nice place to stay while visiting, with the rent to go to Foremeadows.

There is no questions that the parties contemplated this project would be finished by the end of the Summer of 1989. Foremeadows freely admits it was "absolutely" the intentions of both parties to have this project finished during the Summer of 1989. Foremeadows has stated its intent to pursue a damage claim against Frederes for the rent it lost by not having the units complete for the 1989 rental season due to Frederes alleged interference with the construction of the units. Frederes contemplation was that the project would be done in time for the 1989 boating season. This was stated in its application to the Court to approve the Contract.

Finally, there is no dispute that a person of ordinary diligence and prudence would have completed this project by the end of the Summer of 1989. Two of the subcontractors who worked on the project and have filed mechanics liens have stated by way of affidavits submitted pursuant to this motion that the project should have been completed no later than the end of the Summer of 1989. Foremeadows' contract with its general contractor called for construction to be completed by August, 1989. Foremeadows has presented no factual evidence to the contrary. Foremeadows only

assertion to the contrary is that Frederes prevented the completion of this project by asserting a claim for recision. Foremeadows argues the recision claim persuaded the general contractor to walk off the job and prevented Foremeadows from going forward with the project. Further, it claims this presents a question of fact as to what would be a reasonable time in light of such interference. However, there is no dispute the recision claim was brought by summons and complaint served on September 8, 1989. Therefore, it could not have interfered with the project up until that time. Foremeadows has presented no other evidence of Frederes' alleged interference with its Contract, with its general contractor or any evidence of Frederes' interference with the performance of the Contract in question. A party must present his evidence at the time a motion for summary judgment is heard. He may not hide his evidence until the time of trial. If he does, he risks the possibility summary judgment will be entered against him. *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir. 1985).

Based on the nature and object of the Contract, the contemplation of the parties at the time of contracting and the time it would take a person of ordinary diligence and prudence to complete a project of this nature, a reasonable time to complete the construction of this project and to have tendered a deed for the four units in question, free and clear of any encumbrances to Frederes as a matter of law, was September 3, 1989 which is 180 days after the initial closing on March 6, 1989. Foremeadows and Ferguson are in breach of the contract for failing to do so. Therefore, Frederes is entitled to judgment with regard to Foremeadows' and Ferguson's breach of the contract.

■ Frederes also requested summary judgment as to damages for the breach of the contract. Summary judgment may not be awarded on this issue since there are material issues of fact as to the damage claims which Frederes asserts against the defendants. For example, Frederes is unable to determine his tax liability at this time; Foremeadows raised an issue of fact,

whether the deed it tendered was sufficient to pass title and can Frederes' rejection of that deed compounded its damages; Frederes requested damages for the value of the four units and his own papers disclose at least three different values; there is a question of fact as to the language of the Contract with regard to the mechanics liens; similarly, there are other questions of facts with regard to other issues raised.

For the reasons set forth above, partial summary judgment is granted on the issue of liability only as to breach of contract and summary judgment is denied as to all other claims and the award of damages must await trial of the issues, and it is so ordered.

### ORDER

At Rochester, New York in the said District on the 2nd day of January, 1990.

In accordance with the attached Findings of Fact and Conclusions of Law, it is hereby

ORDERED that partial summary judgment is granted in that it is determined that Foremeadows Investment, Ltd. and Larry James Ferguson breached the contract with Daryl B. Frederes and it is further

ORDERED that summary judgment is denied as to all other claims and the award of damages must await trial of the issues.