■ WALTER SAKOW et al., Respondents-Appellants, v 633 SEAFOOD RESTAURANT, INC., Appellant-Respondent.—Order and judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered August 9, and August 21, 1991, respectively, which, inter alia, granted plaintiffs' motion for partial summary judgment in the amount of $796,666.67, plus interest, and granted defendant's cross-motion for partial summary judgment declaring that the sum of $398,333.33 paid by plaintiffs represented the purchase price of a one-third stock interest, is unanimously reversed, on the law, without costs, the motion and cross-motion are denied, and the matter is remanded for further proceedings.

These cross-appeals stem from a dispute between defendant, the owner and operator of a restaurant known as Docks II, located at 633 Third Avenue, New York, New York, and plaintiffs, who advanced to defendant $1,195,000 in installments made from February 3, 1987 to June 30, 1988, for the restaurant's construction. In August 1988, defendant repaid $100,000 of this amount, without interest, and, in or about February 1989, plaintiffs commenced this action for repayment of the balance of their monies advanced, plus interest.

It is plaintiffs' claim that the entire $1,195,000 was a loan, while defendant asserts that one-third of the money, $398,333.33, was tendered in payment for stock in the restaurant, and that, although the remaining two-thirds was a loan, it is payable with 12 percent interest "at such time as the defendant's financial condition permit[s], as determined by the defendant's Board of Directors."

In ruling on plaintiffs' motion and defendant's cross-motion for partial summary judgment, the IAS Court determined that one-third of the funds advanced by plaintiffs represented payment for stock, and that the remaining two-thirds was a loan that was immediately due and payable, with interest. Defendant appeals from that portion of the order which granted plaintiffs' motion for partial summary judgment by directing immediate payment of $796,666.67 with interest, and

plaintiffs cross-appeal to the extent that the order granted defendant's motion for partial summary judgment by declaring that the remaining one-third of the monies advanced by plaintiffs was not part of the loan, but an investment.

Upon examination of this record, which contains no formal agreement outlining the terms of the parties' understanding, we conclude that there exist substantial triable issues of fact, which preclude the grant of summary judgment to either party (see, *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Among the disputed matters is the critical question of whether one-third of plaintiffs' substantial advancement was an investment or a loan. In ruling that it was an investment, the IAS Court relied exclusively upon the existence of an application for a liquor license executed by plaintiff Marion Sakow, which indicated that she had invested approximately one-third, and loaned approximately two-thirds of the amount in question. The accuracy of this information was challenged by Mrs. Sakow, however, who gave sworn testimony and submitted an affidavit stating that she had never read the form and had merely signed at the request of one of the defendant's principals, who is related to her husband. Defendant did not refute this allegation, and it was further undisputed that Marion Sakow is a housewife and that all of the discussions and negotiations arranging for the financing of Docks II were conducted by her husband, Walter Sakow. By ruling on this question, the IAS Court engaged in the prohibited practice of issue determination, rather than issue finding (see, *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395).

Further issues of fact attend the question of whether a reasonable time has elapsed for the repayment of the sums which the parties agree constitute a loan. This requires an assessment of defendant's financial condition and consideration of whether there are financial priorities which must first be satisfied. In this regard, we note that the restaurant cost nearly three times the amount originally estimated, and that approximately $1,660,000 had to be borrowed from other sources to cover the shortfall. The question of what is a reasonable time for the repayment of a loan with no specified due date is to be determined by a jury (*Tebo v Robinson,* 100 NY 27), unless there are no disputed issues of fact (*Spagna v Licht,* 87 AD2d 626, 627). Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.