■ VERONICA HEGEMAN, Appellant, v CRAIG BEDFORD, Respondent. [774 NYS2d 769]—

In an action, inter alia, for specific performance of a stipulation to execute a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated January 9, 2003, which denied her motions for a preliminary injunction and summary judgment, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff contends that she was entitled to specific performance of a stipulation to execute a contract for the sale of real property because the stipulation did not make time of the essence and the defendant's subsequent unilateral notice of when the contract was to be executed did not give her a reasonable amount of time to execute the contract. This contention is without merit.

While the question of what constitutes a reasonable time is usually a question of fact, where the facts are undisputed, what is a reasonable time becomes a question of law, and the case is appropriate for summary judgment (*see Spagna v Licht,* 87 AD2d 626 [1982]). Whether a party was given reasonable time to perform the contract depends upon the nature, purpose, and circumstances of each case (*see Ben Zev v Merman,* 73 NY2d 781, 783 [1988]). Factors relevant to such an inquiry include the nature and object of the contract, the previous conduct of the

parties, the presence or absence of good faith, the experience of the parties, the possibility of prejudice or hardship to either one, and the specific number of days provided for performance *(see Ben Zev v Merman, supra)*. Here, in opposition to the defendant's prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact as to whether the time given to execute the contract was unreasonable. Accordingly, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions either are academic in light of our determination or without merit. Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.