■ MARK RUFEH, Respondent, v SETH M. SCHWARTZ et al., Appellants. [858 NYS2d 192]—

In an action to recover a down payment made pursuant to a

contract for the sale of real property, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), entered May 4, 2007, which, inter alia, granted the plaintiff's motion for summary judgment on the complaint and directed the escrow agent to return the plaintiff's down payment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff entered into a contract to purchase a home from the defendants. A provision of the contract of sale required the defendants to deliver to the plaintiff a certificate of occupancy covering the building and all improvements thereto, including its finished basement. By letter dated July 13, 2006, the plaintiff's attorney requested a copy of the certificate of occupancy for the basement, and in a subsequent letter, the attorney scheduled the closing for August 24, 2006. Counsel for the defendants took the position that the certificate of occupancy for the house as a whole was sufficient to cover the basement, and rescheduled the closing date for July 31, 2006, with time being of the essence. The defendants were subsequently advised by the local building inspector that a separate certificate of occupancy was, in fact, needed for the basement. On July 30, 2006 the defendants, without having obtained a certificate of occupancy for the basement, purported to adjourn the July 31 closing. The plaintiff, claiming, inter alia, that the defendants had materially breached the contract of sale, commenced this action, seeking to recover his down payment. The Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint and directed that his down payment be returned to him. We affirm the order insofar as appealed from.

As a general rule, when a party to a contract for the sale of real property declares that time is of the essence, "each party must tender performance on law day unless the time for performance is extended by mutual agreement" (*Grace v Nappa*, 46 NY2d 560, 565 [1979]). Where time is of the essence, "performance on the specified date is a material element of the contract, and failure to perform on that date constitutes, therefore, a material breach of the contract" (*New Colony Homes, Inc. v Long Is. Prop. Group, LLC*, 21 AD3d 1072, 1073 [2005]).

In this case, when the defendants sought to adjourn the "time of the essence" closing date which they themselves had set, their failure to perform constituted a material breach of the contract of sale, and the plaintiff "was well within his rights

when he refused to consent to an adjournment of the closing and instead insisted upon immediate performance of the [defendants'] obligations" (*Grace v Nappa*, 46 NY2d at 565). Contrary to the defendants' contention, this Court's decision in *Hegner v Reed* (2 AD3d 683 [2003]) does not require a different result, as the unique circumstances existing in that case are not present here.

Thus, the plaintiff made a prima facie showing that the defendants materially breached the contract of sale, and that he was therefore entitled to the return of his down payment. In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.

The defendants' remaining contentions are without merit. Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.