■ CENTO PROPERTIES Co. et al., Respondents, v ALLEN ROSENBERG et al., Appellants. [900 NYS2d 355]—

In an action for a judgment declaring that a contract for the sale of real property had been terminated and that the plaintiffs were entitled to retain the defendants' deposit, the defendants appeal from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered February 5, 2009, which, upon an order granting the plaintiffs' motion for summary judgment on the complaint and dismissing the defendants' counterclaims,

declared that the contract had been terminated and that the plaintiffs were entitled to retain the defendants' deposit, and dismissed the defendants' counterclaims.

Ordered that the judgment is affirmed, with costs.

In a contract dated January 4, 2008, the plaintiffs, Cento Properties Co. and Garden City Hotel (hereinafter the sellers), agreed to sell the Garden City Hotel, in Nassau County, to the defendant Allen Rosenberg for the sum of $91 million. Rosenberg subsequently assigned his rights in the agreement to the defendant Alrose JGG Land, LLC (hereinafter Alrose). On April 17, 2008, the day before the scheduled closing, Alrose's attorney accused the sellers of various contractual defaults which the sellers denied. When Alrose failed to appear for the scheduled closing, the sellers declared the defendants in default and commenced this action seeking a judgment declaring, inter alia, forfeiture of a $6 million deposit as contract damages. The Supreme Court awarded summary judgment in favor of the sellers and entered a judgment declaring, inter alia, that the sellers were entitled to retain the deposit. The defendants appeal. We affirm.

The sellers established their prima facie entitlement to judgment as a matter of law by demonstrating that they were ready, willing, and able to transfer title on the date scheduled for the closing and that Alrose failed to appear on that date without justification (*see Rufeh v Schwartz*, 50 AD3d 1000, 1001 [2008]; *Realty Equities, Inc. v Walbaum, Inc.*, 18 AD3d 531 [2005]). The conclusory allegations made by Rosenberg in opposition were insufficient to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The defendants' remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly granted the sellers' motion for summary judgment, declared that the contract had been terminated and that the sellers were entitled to retain the defendants' deposit, and dismissed the defendants' counterclaims. Skelos, J.P., Leventhal, Roman and Sgroi, JJ., concur.