■ 184 JORALEMON, LLC, Plaintiff/Counterclaim Defendant-Respondent, v BRKLYN HTS CONDOS, LLC, Defendant/Counterclaim Plaintiff-Appellant. BROOKLYN LAW SCHOOL et al., Additional Counterclaim Defendants-Respondents. [985 NYS2d 588]—

In an action, inter alia, for a judgment declaring that the plaintiff/counterclaim defendant, as the assignee of the seller of certain real property, is entitled to a deposit held in escrow by the additional counterclaim defendant Duane Morris, LLP, in connection with the sale of that real property, the defendant/counterclaim plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Pfau, J.), dated August 14, 2012, which, (1) granted the motion of the plaintiff/counterclaim defendant and the additional counterclaim defendants Brooklyn Law School, Joan B. Wexler, Albert Laboz, Jason Laboz, and Jodi Laboz, inter alia, for summary judgment on

the first cause of action and the seventh counterclaim, declaring that the plaintiff/counterclaim defendant is entitled to the subject deposit held in escrow and that the defendant/counterclaim plaintiff is not entitled to the deposit, and pursuant to CPLR 3211 (a) to dismiss the remaining counterclaims insofar as asserted against them, (2) granted the separate motion of the additional counterclaim defendant Duane Morris, LLP, to dismiss the sixth counterclaim pursuant to CPLR 3211 (a) and for summary judgment on the seventh counterclaim, declaring that the plaintiff/counterclaim defendant is entitled to the subject deposit held in escrow and that the defendant/counterclaim plaintiff is not entitled to the deposit, and (3) dismissed the first, second, third, fourth, fifth, sixth, eighth, and ninth counterclaims and declared that the plaintiff/counterclaim defendant is entitled to the subject deposit held in escrow by the additional counterclaim defendant Duane Morris, LLP, and that the defendant is not entitled to the deposit.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In December 2010, Brooklyn Law School (hereinafter BLS) contracted to sell a building (hereinafter the property) in Brooklyn to Brklyn Hts Condos, LLC (hereinafter the defendant). Under the agreement, the defendant was to deposit a down payment (hereinafter the deposit) with the designated escrow agent, Duane Morris, LLP (hereinafter Duane Morris). BLS agreed to deliver the property "vacant, broom clean and free of tenants, licensees, and occupants." The agreement also provided that the defendant would be permitted "reasonable access to the property from time to time during regular business hours through the Closing . . . provided [the defendant] has requested such access upon reasonable notice to [BLS]." BLS was permitted to designate the date and time for the access and to have a representative present. Over the course of the eight months between the execution of the contract and the ultimate date set for closing, the defendant was given access to the property on 46 occasions; on three of them, including on August 30, 2011, it failed to avail itself of that access. On August 21, 2011, BLS asked that the defendant provide more than two days' notice for any subsequent requests.

The closing date was ultimately set for September 1, 2011, at 10:00 a.m., with time being of the essence for the defendant to close. At 6:24 p.m. on the evening of August 31, 2011, the defendant emailed BLS a request that it be permitted access "tomorrow morning." Within five minutes, BLS's counsel

responded that he would attempt to provide access, but also that, given the lateness of the request, he did not know if anyone was available to provide access. Seven minutes later, the defendant's attorney replied with a request that BLS's attorney notify him "when someone will be there first thing in the morning." Nine minutes later, at 6:45 p.m., BLS's counsel responded that no one was available to provide access to the building before the closing. Counsel referred to the contract clause requiring that the defendant provide "reasonable notice" in a request for access and stated that the defendant's 6:24 p.m. request on the evening before the 10:00 a.m. closing was "far from reasonable."

At 9:08 a.m. the next morning, the defendant's counsel sent an email to BLS's counsel stating that BLS's "refusal to provide access at 9:00 a.m. this morning is unreasonable and a breach of the Agreement." BLS's representatives appeared at 10:00 a.m. for the closing, but the defendant's representatives did not. At 10:23 a.m., BLS's counsel sent the defendant's attorney an email stating that BLS could provide access at noon, and offered to adjourn the closing to 2:00 p.m. for that purpose. A half hour later, the defendant's counsel responded that, "based upon your prior advice, I advised involved persons that the closing had been canceled and they have left for vacations that they had delayed for this closing." Later that day, the defendant's attorney delivered a letter to BLS's counsel declaring that BLS was in default of the agreement and that the defendant elected to terminate it, demanding a return of the defendant's deposit.

Fifteen days later, BLS sold the property to 184 Joralemon, LLC (hereinafter the plaintiff), and assigned its rights under the agreement to the plaintiff. The plaintiff then commenced this action seeking, among other things, a judgment declaring that it was entitled to the deposit as liquidated damages under the agreement. The defendant asserted numerous affirmative defenses and counterclaims, naming, in addition to the plaintiff, various additional parties, including BLS, as counterclaim defendants. Among other defenses and counterclaims, the defendant alleged lack of standing, champerty, the absence of any damages, BLS's breach of contract and breach of the covenant of good faith and fair dealing, tortious interference with contract, and breach of fiduciary duty. The plaintiff and the additional counterclaim defendants moved pursuant to CPLR 3212 and 3211 (a), inter alia, for summary judgment on the complaint and on certain counterclaims, and to dismiss the remaining counterclaims. The Supreme Court, inter alia, awarded summary judgment to the plaintiff, made the requested declaration in its favor, and dismissed the counterclaims.

When a contract for the sale of real property contains a provision that time is of the essence, the parties bound by that clause must tender performance on the law day unless the time for performance has been extended by mutual agreement (*see Grace v Nappa*, 46 NY2d 560, 565 [1979]; *Rufeh v Schwartz*, 50 AD3d 1000, 1001 [2008]). Where time is of the essence, performance on the specific date is a material element of the contract, and failure to perform on that date constitutes a material breach of the contract (*see Rufeh v Schwartz*, 50 AD3d at 1001).

Here, it is undisputed that time was made of the essence for the defendant to close on the law date and that the defendant failed to appear at the agreed-upon time and place for the closing. This appeal turns largely on whether the defendant's request at 6:24 p.m. on August 31, 2011, for access to the property before the 10:00 a.m. closing the next day amounted to "reasonable notice" under the contract. If it did, BLS will have breached the agreement by denying the request.

Generally, whether an amount of time is "reasonable" is determined on the "facts and circumstances of the particular case[,] [i]nclud[ing] . . . the nature and object of the contract, the previous conduct of the parties, the presence or absence of good faith, the experience of the parties and the possibility of prejudice or hardship to either one, as well as the specific number of days provided for performance" (*Ben Zev v Merman*, 73 NY2d 781, 783 [1988] [citations omitted]). Although the determination of reasonableness is a question of fact, it may become a question of law when there is no dispute as to the facts (*see Hegeman v Bedford*, 5 AD3d 632, 632-633 [2004]; *cf. Spagna v Licht*, 87 AD2d 626, 627 [1982]).

Here, the plaintiff and the additional counterclaim defendants established their prima facie entitlement to judgment as a matter of law through, inter alia, submission of evidence that the defendant's last-minute request for access to the property before the morning closing was not "reasonable notice" under the agreement (*see Hegeman v Bedford*, 5 AD3d at 633). In opposition, the defendant failed to raise a triable issue of fact (*see id.*; *cf. Spagna v Licht*, 87 AD2d at 627).

Since BLS did not breach the contract by denying the request for access on the grounds that the defendant had not given reasonable notice of its request, and that the defendant and BLS did not agree to extend the time to close, the defendant's failure to appear on the law day amounted to a breach of the contract. In light of the defendant's breach of the contract, and because the defendant's remaining contentions are without merit, the Supreme Court properly granted the motions of the plaintiff

and the additional counterclaim defendants, inter alia, for summary judgment on the complaint and on certain counterclaims, and to dismiss the remaining counterclaims, and declared that the plaintiff is entitled to the deposit held in escrow by Duane Morris and that the defendant is not entitled to that deposit (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]; *Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985]; *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 660 [2013]; *Baquerizo v Monasterio*, 90 AD3d 587, 587-588 [2011]). Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.