Herman v 818 Woodward, LLC (2023 NY Slip Op 03912)

Herman v 818 Woodward, LLC

2023 NY Slip Op 03912

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-06176
 (Index No. 507850/20)

[*1]Shulem Herman, appellant-respondent,
v
818 Woodward, LLC, et al., respondents-appellants.

Law Office of Jeffrey Fleischmann, P.C., New York, NY (Allen Schwartz of counsel), for appellant-respondent.
Stacie Bryce Feldman, New York, NY, for respondents-appellants.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property and to recover damages for breach of contract, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 6, 2020. The order, insofar as appealed and cross-appealed from, in effect, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint to the extent of directing that a closing take place within 30 days and that failure to close within this time frame would result in dismissal of the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint to the extent of directing that a closing take place within 30 days and that failure to close within this time frame would result in dismissal of the complaint, and substituting therefor a provision granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
On January 10, 2020, the plaintiff (hereinafter the buyer) and the defendants entered into a purchase and sale agreement (hereinafter the contract), whereby the buyer agreed to buy two real properties from the defendants for a total of $6,100,000. The contract provided that the closing would occur on or about 60 days from January 10, 2020, and, in the event that the buyer defaulted in the performance of his obligations under the contract and the default continued after a notice to cure, the defendants would be entitled to terminate the contract and retain a down payment of $457,500. The contract further provided that "[the buyer's] obligations under [the contract] are specifically NOT contingent upon the receipt of any loan commitment or upon the ultimate funding of any loan, mortgage, credit line or promissory note." Just over 60 days after the contract was executed, the defendants set a closing date and advised the buyer that time was of the essence. Despite being offered multiple options for a closing date and the defendants appearing for a closing, the buyer did not appear to close and, subsequently, he did not cure his default upon notice from the defendants. Thereafter, the buyer commenced this action, inter alia, seeking specific performance of the contract. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court, in effect, granted the motion to the extent of directing that a closing take place [*2]within 30 days and that failure to close within this time frame would result in dismissal of the complaint. The plaintiff appeals, and the defendants cross-appeal.
On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court will accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). However, where, as here, a court considers evidentiary material submitted by the parties, and the motion is not converted into one for summary judgment, a court must then determine whether the proponent of the pleading has a cause of action, as opposed to whether one was stated (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; B & A Realty Mgt., LLC v Gloria, 192 AD3d 851, 853). Unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d at 275).
To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the seller was able to convey the property, and that there was no adequate remedy at law (see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490; Ashkenazi v Miller, 190 AD3d 668, 670-671; Gluck v Wai-Shing Li, 186 AD3d 460, 463).
Here, there is no significant dispute as to the relevant facts. By letter dated March 13, 2020, approximately 64 days after the contract was executed, the defendants set April 13, 2020, as the closing date. This letter contained clear, distinct, and unequivocal notice that time was of the essence, and stated that the buyer's failure to close on April 13, 2020, would constitute a breach and willful default under the contract, which would entitle the defendants to any and all available remedies, including the retention of the down payment as liquidated damages.
The buyer rejected the April 13, 2020 closing date and indicated that he was prepared to close on April 20, 2020. Thereafter, the buyer attempted to reject the April 20, 2020 closing date, citing "uncertain times, with credit markets and capital markets being uncertain at best and frozen at worst," and further indicating that he had contracted COVID-19. By letter dated April 6, 2020, the defendants agreed to the April 20, 2020 closing date, stating that they were prepared to conduct the closing remotely. By letter dated April 20, 2020, the buyer attempted to reject the April 20, 2020 closing date as unreasonable due to the COVID-19 pandemic. Meanwhile, on April 20, 2020, the defendants and their counsel appeared with a stenographer at a videoconference to conduct the closing. They waited approximately five hours, but neither the buyer nor his counsel appeared. At the videoconference, the defendants' representative swore under oath that he was authorized and prepared to sign the deed and other documents to complete the sale.
In a notice to cure default letter dated April 24, 2020 (hereinafter the notice to cure), the defendants advised the buyer that he was in default under the contract and, in accordance with the contract, he had the opportunity to cure his default by tendering the balance of the purchase price by May 11, 2020. By letter dated April 27, 2020, the buyer purported to reject the notice to cure, stating that he was not in default and had never been in default. In this letter, the buyer did not indicate that he remained ill due to COVID-19 or that he was prevented from closing on this basis.
Under the circumstances here, the buyer does not have a cause of action for specific performance. Although time was not made of the essence in the contract, the defendants subsequently provided valid notice that time was of the essence insofar as the notice: (1) gave clear, distinct, and unequivocal notice that time was of the essence, (2) gave the buyer a reasonable time in which to act, and (3) informed the buyer that if he did not perform by the designated date, he would be considered in default (see Decatur [2004] Realty, LLC v Cruz, 73 AD3d 970, 971; Nehmadi v Davis, 63 AD3d 1125, 1127). "What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case" (Ben Zev v Merman, 73 NY2d 781, 783). Although the determination of reasonableness is usually a question of fact, it may become a [*3]question of law where, as here, there is no dispute as to the facts (see 184 Joralemon, LLC v Brklyn Hts Condos, LLC, 117 AD3d 699, 702, citing Hegeman v Bedford, 5 AD3d 632, 632-633). Contrary to the buyer's contention, he had a reasonable amount of time to perform, where, among other things, he had approximately 62 days to close from the initial closing date. Because he failed to close after the notice to cure was sent, the defendants were entitled, pursuant to the contract, to terminate the contract and retain the down payment as liquidated damages (see Decatur [2004] Realty, LLC v Cruz, 73 AD3d at 971). Further, the parties' submissions clearly demonstrate that the buyer did not substantially perform his contractual obligations, and was not ready, willing, and able to perform his remaining obligations. His allegations that he remained ready, willing, and able to close and had fulfilled all of his obligations under the contract are bare legal conclusions, which are not presumed to be true (see Dubon v Drexel, 195 AD3d 991, 993; TMCC, Inc. v Jennifer Convertibles, Inc., 176 AD3d 1135, 1135-1136).
Further, the defendants established that the buyer had no cause of action for breach of contract. "Contract language which is clear and unambiguous must be enforced according to its terms" (B & A Realty Mgt., LLC v Gloria, 192 AD3d at 853). Pursuant to the contract, the defendants had the right to terminate the contract upon the buyer's failure to cure his default. The buyer's contention that the defendants materially breached certain provisions of the contract such that the defendants were unable to close on April 20, 2020, is without merit.
Because the defendants established that the buyer has no cause of action, the Supreme Court should have granted their motion pursuant to CPLR 3211(a) to dismiss the complaint without giving the buyer 30 days to close. The contract did not provide for such an extension of time where the buyer's default continued after the notice to cure. Courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 38 NY3d 169, 178; 2138747 Ontario, Inc. v Samsung C & T Corp., 31 NY3d 372, 381).
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court