# A. B. Murray Co., Inc., Respondent, v. Lidgerwood Manufacturing Company, Appellant.

Contract — sale — delivery — tender — practice — findings — contract of sale of goods with failure to fix time of delivery an engagement to deliver within a reasonable time — duty absolute unless waived by buyer — seller must make tender within reasonable time to put buyer in default — what constitutes a reasonable time a question of fact — failure of court, in action to recover purchase price, to find whether tender was made in reasonable time — finding based upon merely permissible inference of fact may not be supplied by Court of Appeals — unwarranted conclusion of law that buyer may not question reasonableness of time of delivery.

1. Where a contract to sell does not in express terms fix the time for delivery, the law supplies the missing term and the contract is in legal effect an engagement on the part of the seller to deliver within a reasonable time. Tender within a reasonable time is a condition which must be complied with by the seller before the buyer can be said to be in default, and performance or waiver of the condition must be pleaded and proved in an action by the seller for the price of the goods or for damages for alleged default by the buyer. (*Trainor Co.* v. *Amsinck & Co., Inc.*, 236 N. Y. 392, followed.)

2. Unless or until waived the duty of the seller, as fixed by the contract, to deliver within a reasonable time, is absolute and unless the buyer has by his own conduct either waived a breach or lulled the seller into inaction, he may insist upon performance by the seller according to the terms of the contract as a condition to performance on his part. Where, however, failure to deliver within a reasonable time has been waived, or where the buyer has led the seller to the reasonable belief that belated delivery would be accepted as within the terms of the contract, the buyer may not urge that a subsequent tender was untimely.

3. What would constitute delivery within a reasonable time is a question of fact. Where, therefore, in an action to recover the purchase price of goods sold, the plaintiff has pleaded tender within a reasonable time, but the trial judge has made no direct finding upon that point, but has found that no tender of delivery was made until more than eleven months after execution of the contract, and waiver is not pleaded, a conclusion of law is not justified that because no time for delivery was specified and because cancellation of the contract would

cause plaintiff loss, " defendant cannot now say that the plaintiff did not deliver within a reasonable time."

4. No finding based upon a merely permissible inference of fact may be supplied by this court where the court which might have drawn such inference chose not to do so.

*Murray* v. *Lidgerwood Mfg. Co.*, 212 App. Div. 869, reversed.

(Argued December 8, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

*Thomas J. Blake* for appellant. Plaintiff was bound to perform its contract within a reasonable time, and if it did not defendant had the legal right to refuse to accept the goods. (*Trainor Co.* v. *Amsinck,* 236 N. Y. 392; *Pope* v. *Terre Haute Manfg. Co.,* 107 N. Y. 61; *Eppens* v. *Littlejohn,* 164 N. Y. 187; *Stoker* v. *Tyler,* 49 Atl. Rep. 18; *British Aluminum Co.* v. *Trefts,* 163 App. Div. 184; *Beals* v. *Hirsch,* N. Y. L. J. July 17, 1925; *Rogers-Pyatt Shellac Co.* v. *Starr Piano Co.,* 212 App. Div. 792.)

*William E. Carnochan* and *William M. Sperry, 2nd,* for respondent. Time as an element of the contract was eliminated, not to be reinstated except by notice, not only because of the loss and forfeiture which would otherwise be inflicted on the plaintiff but also because of the course of dealing between the parties down to and including December 8, 1920, when, in answer to plaintiff's request of December third, that as to future deliveries the contract be canceled, it received defendant's letter declining to accede. (*Taylor* v. *Goelet,* 208 N. Y. 253; *Brede* v. *Rosedale Terrace Co.,* 216 N. Y. 246; *Rogers-Pyatt Shellac Co.* v. *Starr Piano Co.,* 212 App. Div. 792.)

LEHMAN, J. The plaintiff has recovered a judgment for the agreed price of certain tubes. The findings establish that by contract made on the 17th day of

April, 1920, the plaintiff's assignor had agreed to have specially cut for, and to sell and deliver to, the defendant certain steel boiler tubes. No time for delivery was expressly fixed in the contract. Delivery of one item of steel boiler tubes included in this contract was made. on November 1st, 1920. This item is not included in the tubes for which the plaintiff now seeks payment. No delivery of those tubes or offer to deliver was made until March 26th, 1921, when the plaintiff mailed to the defendant an invoice for them. On April 4th, 1921, the defendant notified the plaintiff by letter that it would not accept delivery of the tubes for which the plaintiff had rendered the invoice. If the defendant's refusal to accept delivery of the tubes was wrongful, the plaintiff is entitled to recover the price of the tubes, for findings to which further reference is unnecessary conclusively establish all the other facts which would entitle the plaintiff to maintain an action for the price of the goods, under subdivision 3, section 144 of the Personal Property Law (Cons. Laws, ch. 41).

The contract to sell does not in express terms fix the time for delivery. The law supplies the missing term and the contract is in legal effect an engagement on the part of the plaintiff to deliver within a reasonable time. Tender within a reasonable time is a condition which must be complied with by the seller before the buyer can be said to be in default, and performance or waiver of the condition must be pleaded and proved in an action by the seller for the price of the goods or for damages for alleged default by the buyer. (*Pope* v. *Terre Haute Car & Mfg. Co.*, 107 N. Y. 61.) These well-established principles have been reiterated by this court in the recent case of *Trainor Co.* v. *Amsinck & Co., Inc.* (236 N. Y. 392), overruling the contention there made that in the case of *Taylor* v. *Goelet* (208 N. Y. 253) we had laid down a rule which would preclude the buyer from urging that delivery was not tendered or made

within a reasonable time unless, by appropriate notice given by the buyer, time for performance was made an essential term of the contract.

In the present case plaintiff by amendment of the complaint made at the trial has pleaded tender within a reasonable time, but the trial judge has not made any direct finding upon that point. He has found a contract made in April, 1920, and no tender of delivery made until more than eleven months thereafter. Even though, as we shall hereafter point out, inference from the testimony produced might perhaps be permissible either that delay was waived or that performance was made within a reasonable time, yet no finding based upon merely permissible inference of fact may be supplied by this court where the court which might have drawn such inference chose not to do so. Certainly the trial judge never intended that such finding should be implied, for he stated his conclusion of law as follows: " As no time for delivery was mentioned in the contract the plaintiff was bound to deliver within a reasonable time. As the defendant never specified a time within which the plaintiff must deliver and a canceling of the contract would cause the plaintiff the loss of the money it paid for the tubes, the defendant cannot now say that the plaintiff did not deliver within a reasonable time." We may assume that the premises for the conclusion may be regarded as findings of fact but the conclusion of law must be justified, if at all, upon these premises and no others.

The contract fixes the obligations of the parties. Subsequent events may affect the manner of their performance but unless or until waived the duty of the seller, as fixed by the contract to deliver within a reasonable time, is absolute. So we held in the case of *Trainor* v. *Amsinck Co.* (*supra*) and we indicated that the rule applied to executory contracts of sale even of goods which were to be manufactured. The buyer has a right

to insist upon such delivery; the seller is bound to make it. The seller's obligation can be no less because remedy for breach of the obligation causes him loss; the buyer cannot be compelled to accept other than the stipulated performance because refusal would leave the seller in a position of hardship. A loss to a party who is in default furnishes no ground in an action at law for depriving the other party of his contractual rights. Unless the buyer has by his own conduct either waived a breach or lulled the seller into inaction, the buyer may insist upon performance by the seller according to the terms of the contract as condition to performance on his part.

What constitutes reasonable time for performance may depend upon many circumstances. Doubtless the attitude of the parties may sometimes be an important factor in determining what is a reasonable time for performance of that particular contract. Good faith may be required of the buyer, and he may be precluded from insisting upon default of the seller when such default is occasioned by his own acts. Sometimes distinction between a waiver of default, or an extension of the time for performance, and acts which enlarge definition of a " reasonable time " as contemplated by the parties beyond the limits which might otherwise be set, is tenuous. Here the contract was made in April, part performance was made and accepted in November. Perhaps a reasonable time for performance had already passed and acceptance of the part performance might then constitute a waiver of the right to insist without further notice upon delivery within reasonable time. Some time thereafter the buyer requested cancellation of the contract. If at that time a reasonable time for delivery had not fully expired, the buyer's indicated desire not to be compelled to take the goods, may lead to an inference that delay thereafter in tendering the goods was due not to fault of the seller but to reasonable consideration for a customer's position and a desire not to press the buyer too

hard, and under the circumstances the belated offer to perform in March and April may still have been timely. We indicate these questions; we may not upon the appeal pass upon them. Waiver is not pleaded, and what would constitute delivery within a reasonable time is a question of fact and may depend upon circumstances not shown by the evidence in this record.

We decide only that the seller's obligation to deliver within a reasonable time is fixed by the contract and does not depend upon whether failure to deliver according to the contract causes a loss to the seller. Where, however, failure to deliver within a reasonable time has been waived, or where the buyer has led the seller to the reasonable belief that belated delivery would be accepted as within the terms of the contract, then the buyer may not urge that the subsequent tender was untimely.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane and Andrews, JJ., concur.

Judgment reversed.