■ LUCIAN HILLS, Respondent, v. LEON MELENBACHER et al., Appellants, et al., Defendant.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: In this action to recover damages for breach of a lease of grain storage space and processing machinery which did not fix the term of the demise, the court submitted the case to the jury upon the theory that the jury might supply the missing term of the lease in accordance with the custom in the trade. There was no competent evidence of any relevant custom in the trade. The verdict is, therefore, unsupported by the evidence and for that reason the judgment should be reversed and a new trial granted. The lease is in legal effect a demise for a reasonable time. (*Murray Co. v. Lidgerwood Mfg. Co.*, 241 N. Y. 455, 457, 459; *Eppens, Smith & Wiemann Co. v. Littlejohn*, 164 N. Y. 187; *Papaioannou v. Britz*, 285 App. Div. 596, 600; 4 Williston, Contracts [3d ed.], § 575, pp. 79, 80; 2 New York Law of Contracts, § 850, p. 1270.) What constitutes a reasonable time is a question to be determined by the jury taking into consideration the subject matter of the contract, the situation of the parties, their intention, what they contemplated at the time the contract was made and the circumstances attending the performance of it. (*Murray v. Lidgerwood Mfg. Co., supra*, p. 459; 2 New York Law of Contracts, § 853; 17 Am. Jur. 2d, Contracts, § 330.) (Appeal from judgment of Livingston Trial Term for plaintiff in an action for damages for breach of contract.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GINO ALBINI, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent. — Order unanimously affirmed. Memorandum: At this time we do not reach or pass upon the validity of the conviction or sentence under the second count. (Appeal from order of Wyoming County Court dismissing writ of habeas corpus, following a hearing, and remanding relator to custody of warden.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.

■ LAMBRO ELIA, Appellant, v. NAUM DAMIANOPULOS et al., Respondents. — Order unanimously modified on the law and facts in accordance with memorandum and, as modified, order and judgment affirmed, without costs of this appeal to either party. Memornadum: We find that it was error to include in the order the provision which prohibits plaintiff from competing with the defendants in the baking business within Onondaga County for a term of five years. There is nothing in the partnership agreement which limits the activities of withdrawing partners and the Referee's appraisal of plaintiff's interest was based in part upon the absence of a noncompetitive clause. We conclude that there was no authority for the inclusion of such a restriction in the order. (Appeal from judgment of Onondaga Special Term for plaintiff in an action for an accounting; also appeal from order confirming the report of the Referee.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.

■ TRAVELERS INSURANCE COMPANY et al., Respondents, v. VICTOR REINSTEIN, JR., Appellant.— Order of Erie County Court and judgment of City Court of Buffalo unanimously reversed on the law and facts, with costs in all courts to appellant, and a new trial granted. Memorandum: We find the determination of the City Court of Buffalo was contrary to law and against the weight of evidence. (Appeal from order of Erie County Court affirming a judgment of Buffalo City Court for plaintiffs in an action for additional premiums under insurance contracts.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.