■ LAKE STEEL ERECTION, INC., Appellant, v CHARLES EGAN, Doing Business as CONTRACTOR'S COMPONENT SALES Co., Respondent.—Order and judgment unanimously reversed, on the facts, with costs, and a new trial granted on the issue of damages only unless defendant shall, within 10 days of service of a copy of the order herein with notice of entry thereof, stipulate to reduce the verdict to $8,250.75 in which case the judgment is modified accordingly and, as modified, affirmed, without costs. Memorandum: This action arose out of a construction subcontract for the erection, leveling and grouting of precast concrete flooring slabs for a 10-story building. The general contractor let a subcontract to defendant Egan in 1972 for $55,000. Defendant Egan sublet the subcontract to plaintiff Lake Steel Erection, Inc., for $43,533. Before performance was completed defendant Egan relet the subcontract to Pyramid Erection Co. for $49,500. Part of the agreement between defendant Egan and Pyramid was that defendant was to receive a commission on any profit made by Pyramid on the subcontract. A commission of $300 was paid to defendant Egan who also received $2,916.25 from the general contractor for work performed by Lake Steel. This action was commenced in the City Court of Buffalo on August 10, 1973. Plaintiff Lake Steel sought $5,223.96 on a *quantum meruit* basis,

claiming that it had been released from further performance. Defendant Egan interposed a counterclaim for $14,050.75, asserting that plaintiff had breached the subcontract. A judgment for defendant of $8,550.75 on his counterclaim was entered upon a jury verdict and affirmed by the Erie County Court. The jury verdict insofar as liability is concerned is supported by a fair interpretation of the evidence *(Yerdon v Baldwinsville Academy & Cent. School Dist.,* 50 AD2d 714, 715, mot for lv to app den 39 NY2d 705). Although plaintiff Lake Steel claims that defendant Egan's offer of a check for $1,981.90 in April of 1973 constituted an admission that money was due it, defendant testified that the offer of the check was coerced. Moreover, the court charged that such an offer may be viewed as a settlement attempt and not an admission of liability. Plaintiff failed to object to this charge and, therefore, may not assert that it was erroneous (CPLR 4110-b). Furthermore, even if plaintiff had objected, the charge was correct (see, generally, Richardson, Evidence [10th ed], § 225). Further, there was sufficient evidence to support a finding that plaintiff's delay in grouting the concrete flooring slabs, which was required under the subcontract, constituted a material breach. Where there is no express provision in a contract relating to time of performance, a reasonable time is implied *(City of New York v New York Central R. R. Co.,* 275 NY 287, 292–293). The question of whether performance has been delayed beyond a reasonable time is for the jury *(Green Point Sav. Bank v Central Gardens Unit No. 1,* 279 App Div 1078, 1079, mot for lv to app den 280 App Div 789; *Moore v Maddock,* 224 App Div 401, 407, affd 251 NY 420). In determining this question, the jury may consider the subject matter of the contract, the situation of the parties, their intention, what they contemplated at the time the contract was made, and the circumstances attending performance *(Hills v Melenbacher,* 23 AD2d 803; see, also, *Murray Co. v Lidgerwood Mfg. Co.,* 241 NY 455, 459). There was credible testimony that concrete flooring slabs must be grouted in order to support the next level of construction; that when plaintiff Lake Steel failed to perform the grouting, all work on the project stopped; and that plaintiff's officer was informed of the importance of performance in this respect. Therefore, the evidence warranted a jury finding that plaintiff's delay in performance was so unreasonable as to amount to a material breach of the subcontract. The inclusion of lost profits in the measurement of damages on defendant's counterclaim was proper. Plaintiff made no objection to the court's charge respecting this element of damages (CPLR 4110-b). Furthermore, loss of profits is an acceptable measure of damages for breach of contract *(Third Manhattan Corp. v Consolidated Elec. Meter Co.,* 18 AD2d 1055; cf. PJI 4:20). Plaintiff's sole objection to the court's charge was that it failed to include the $300, received by defendant as a commission from Pyramid, as an offset. Although the court corrected its charge, the jury clearly failed to take into account this offset. Rather, the jury discounted the $11,467 gross profit expected by defendant Egan by only the $2,916.25 which defendant had received from the general contractor. Inasmuch as defendant conceded that he received the additional sum of $300 as a result of Pyramid's completion of the flooring installation, the jury erred in failing to take this into account, and the judgment should be reversed and a new trial granted, unless defendant stipulates to reduce the verdict by $300. We have examined plaintiff's remaining contentions and find them to be without merit. (Appeal from order of Erie County Court—breach of contract.) Present—Marsh, P. J., Moule, Cardamone, Denman and Witmer, JJ.