■ CHRISTINE W. YOUNG, as Assignee of TEC-SER, INC., Respondent-Appellant, v WAYNE WHITNEY, Appellant-Respondent. — Mikoll, J. Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered January 25, 1984 in Rensselaer County, upon a verdict rendered at Trial Term (Hughes, J.).

On November 26, 1979, defendant and plaintiff's assignor, Tec-Ser, Inc. (Tec-Ser), entered into an agreement whereby defendant would construct a building for Tec-Ser on its property for $17,000. The contract, however, failed to contain a completion date. Work under the contract progressed and all scheduled progress payments were made by Tec-Ser with the exception of the final payment of $1,800 which was not due until defendant completed the construction.

In July 1980, this action was commenced by Tec-Ser to recover $28,627 in damages for defendant's alleged delay and failure in completion of the work, including a claim that Tec-Ser was forced to employ another party to finish the work. In his answer, defendant denied any breach of the contract and asserted affirmative defenses that Tec-Ser breached the agreement by failure to perform excavation work required of it and by placing obstructions around the building, both of which prevented the performance of defendant's work. Defendant also counterclaimed for the $1,800 remaining unpaid under the contract. After a jury trial, judgment was rendered in favor of Tec-Ser in the sum of $9,100, offset by a $1,800 judgment for defendant on his counterclaim. Interest awarded Tec-Ser was $1,971, resulting in a total judgment of $9,271. The parties cross-appealed from that judgment.

There must be a reversal. The judgment of $9,271 in favor of Tec-Ser should be vacated and the matter remitted to Trial Term for a new trial.

Defendant's first contention, that the trial court erred in its charge to the jury regarding a reasonable time for completion of the contract, is well taken. The trial court improperly instructed

the jury that in ascertaining whether defendant had breached the contract by failure to perform in a reasonable time, it was to consider the period from when the contract was signed in November 1979 until the close of the trial on January 10, 1984.

Where a contract fails to state a date for completion of the construction of a building, a reasonable time is implied (*Senerchia Realty Corp. v Yonkers Community Dev. Agency,* 80 AD2d 889, 890; *Lake Steel Erection v Egan,* 61 AD2d 1125, 1126, *lv dismissed* 44 NY2d 646). What is a reasonable time is for the jury to determine considering the subject matter of the contract, what the parties contemplated at the time it was entered and the circumstances surrounding performance (*Hills v Melenbacher,* 23 AD2d 803; *see,* 22 NY Jur 2d, Contracts, § 245).

In the instant case, the reasonable time to complete the contract work as designed without problems was said to be from 6 to 9 months. Tec-Ser commenced this action within eight months of the date the contract with defendant was signed. Defendant believed he could have finished the work in 1 or 1½ months from that time. Since this is an action at law, Tec-Ser could only recover for claims present as of the commencement of this case in July 1980 (*Fults v Munro,* 202 NY 34, 40; *International Photo Rec. Machs. v Microstat Corp.,* 269 App Div 485, 490). Had the jury been properly instructed on the issues, a different verdict may have been reached.

There is also merit to defendant's second argument that the trial court's charge concerning Tec-Ser's prevention of defendant's performance was erroneous. The trial court correctly charged the jury that the law implies in every contract that one party will not prevent the other party's performance (*see, Tibbetts Contr. Corp. v O & E Contr. Co.,* 15 NY2d 324, 338; *Bass v Sevits,* 78 AD2d 926, 927). However, the court improperly charged that defendant had to show that any obstruction by Tec-Ser rendered his performance impossible, not merely more difficult. Defendant need only have shown that Tec-Ser's acts greatly disrupted and frustrated his performance (*see, Farrell Heating, Plumbing, Air Conditioning Contrs. v Facilities Dev. & Improvement Corp.,* 68 AD2d 958).

Finally, we reject plaintiff's contention that the denial of defendant's motion for a directed verdict is not an appealable order. Such an order is appealable where, as here, the final judgment has been appealed (*see,* 10 Carmody-Wait 2d, NY Prac § 70:38). However, the trial court properly denied the motion since questions of fact regarding defendant's breach of contract were for the jury to resolve.

Judgment reversed, on the law, with costs, and matter remitted to Trial Term for a new trial. Main, J. P., Weiss, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.