■ In the Matter of LEROY LASSITER et al., Respondents, v CNA INSURANCE COMPANY, Appellant. [600 NYS2d 59] —Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about May 11, 1992, which confirmed that portion of an arbitration award which determined that petitioner is entitled to recover damages, vacated the portion of the arbitration award as determined the amount of damages and converted the matter into a plenary action for the assessment of damages, unanimously reversed, on the law, without costs, the arbitration award is vacated in its entirety, and the parties are directed to proceed to arbitration as provided in the endorsement to the parties' insurance policy entitled Uninsured Motorists Coverage.

Plaintiff Leroy Lassiter was injured as a result of an automobile accident with an uninsured motorist on July 29, 1990. Mr. Lassiter was insured by respondent CNA Insurance Company (CNA) under policy number US 0162322. As a result of the respondent insurer's failure to pay damages pursuant to the uninsured motorist provison of the policy, the petitioners by letter dated April 4, 1991, demanded that the parties proceed to arbitration of their claim.

With respect to arbitration, the policy in question provided that if the insurer and a "covered person" do not agree, the issues of: "1. Whether that [covered] person is legally entitled to recover damages under this endorsement"; and "2. * * * the amount of damages" would be determined at arbitration. The policy further provided that: "either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction". The policy provided also that:

"A decision agreed to by two of the arbitrators will be binding as to:

"1. Whether the covered person is legally entitled to recover damages; and

"2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of New Jersey. If the amount exceeds that limit, either party may demand the right to a trial. The demand must be made within 60 days of the

arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding."

In their demand letter the petitioners designated Fred Queller, Esq. as their arbitrator and demanded that the respondent insurer designate an arbitrator and instruct said arbitrator to contact Mr. Queller so that a third arbitrator could be selected "within the thirty (30) day time period" provided for in the insurance policy. On June 6, 1991, apparently because the respondent had not yet responded to the petitioners' demand, petitioners informed the respondent that they considered respondent to have waived its right to designate an arbitrator. It was further stated that petitioners requested that Mr. Queller schedule an arbitration at his earliest convenience.

On June 26, 1991, Mr. Queller wrote to CNA informing it that he had scheduled an arbitration for July 24, 1991. Initially, CNA indicated that it would not participate in the arbitration, as it felt any award would exceed the limit of liability of the New Jersey Financial Obligation Law ($15,000) thus occasioning CNA's right to go to trial. Thereafter, before the date set for arbitration, CNA contacted petitioners' counsel and requested an adjournment of the arbitration date. That request was refused. The request was renewed by CNA's attorney before Mr. Queller on July 24, 1991 and it was refused by him as well. On September 11, 1991 the arbitrator awarded Mr. Lassiter $250,000 for pain and suffering and awarded Julia Lassiter $25,000 for loss of services. Mr. Queller found that the uninsured driver of the other car involved in the accident was 100% negligent and the sole cause of the accident.

The IAS Court erred in confirming any part of the arbitration award. The contract of insurance specifically provided for a system of tripartite arbitration in which each party would select one arbitrator and the two arbitrators would together agree on a third. The selection by each party of its own arbitrator and the subsequent joint selection of a third, was in effect a condition precedent to arbitration to be complied with; it was a prerequisite to entry into the arbitration process. Whether the parties complied with that condition is a matter for judicial determination *(Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1). It is clear that here the parties did not.

"The right to have disputes adjusted by several rather than one arbitrator is not to be lightly regarded." *(Matter of Lipschutz [Gutwirth],* 304 NY 58, 63.) Pursuant to the terms of

the arbitration provision and the applicable law, once the agreed upon method of arbitration failed or for any reason was not followed, the parties should have applied to the court for appointment of the second arbitrator so that the third could thereafter be duly selected (CPLR 7504; *Matter of Lipschutz [Gutwirth], supra).* It was improper for the petitioners to continue with the process before their arbitrator alone as the contract unequivocally provided that there be a panel of three arbitrators.

*Matter of Griffin v Ayash* (125 AD2d 226), relied upon by the petitioners in support of their position, is distinguishable. In that case, neither the respondents nor their attorneys appeared at the scheduled arbitration, electing instead to provide a written response when contacted by the arbitrator. Those respondents later claimed that the arbitrator improperly refused an application for an adjournment. Here, while CNA initially indicated that it would not attend, it requested an adjournment from petitioners' counsel and then appeared at the scheduled arbitration and, by its attorney, renewed the request for an adjournment before the arbitrator himself. In these circumstances the refusal by the arbitrator to grant the adjournment appears to have been an abuse of discretion *(see, Matter of Omega Contr. v Maropakis Contr.,* 160 AD2d 942). The arbitrator was clearly not proceeding in accordance with the terms of the arbitration provision of the contract. Even though the tactics employed by CNA with respect to the arbitration were somewhat less than desirable, its right to arbitration pursuant to the terms of the policy should not be disregarded.

Lastly it should be noted that we interpret the portion of the arbitration provision, which provides that either party can demand a trial "[i]f the amount [of damages awarded by the arbitrators] exceeds [the] limit [for liability specified by the Financial Responsibility Law of New Jersey]", as providing the parties with a right to demand a trial on the amount of damages only. That the provision refers to the damage award only, is apparent from the last sentence of that provison which states, that if the demand for a trial "is not made, the amount of damages agreed to by the arbitrators will be binding". Concur—Rosenberger, J. P., Ross, Kassal and Nardelli, JJ.