■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. [657 NYS2d 893] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered July 8, 1993, convicting defendant, after a jury trial, of robbery in the first degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/2$ to 9 years and $1^1/2$ to 3 years, respectively, unanimously affirmed.

Upon our independent review of the facts, we find that the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Credibility issues raised by defendant were properly placed before the jury and we find no reason to disturb its findings (*see, People v Gaimari*, 176 NY 84, 94). Concur—Sullivan, J. P., Milonas, Wallach and Mazzarelli, JJ.

■ NEW YORK STATE HOUSING FINANCE AGENCY, Respondent, v LOCAL 2110, UNITED AUTO WORKERS, AFL-CIO, Appellant. [657 NYS2d 623] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered July 11, 1996, which granted petitioner's application and permanently stayed arbitration, unanimously affirmed, without costs.

Since petitioner's position is that only an individually aggrieved employee may initiate a grievance procedure, a condition precedent to entry into the arbitration process is at issue, and it is an issue for the court to resolve (*see, Matter of Cassone*, 63 NY2d 756, 759; *Matter of Lassiter v CNA Ins. Co.*, 195 AD2d 362, 363). The court correctly determined that the collective bargaining agreement, construed as a whole (*see, County of Westchester v Mahoney*, 56 NY2d 756), does not reflect that appellant union has any right to initiate a grievance procedure in its own name. The record establishes that petitioner did not impede satisfaction of the condition precedent (*see, Young v Whitney*, 111 AD2d 1013, 1014). We have considered appellant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Wallach, JJ.