■ In the Matter of PHILLIP TORRES, Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY, C/O CRAWFORD & Co., Respondent. [667 NYS2d 356] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered March 13, 1996, which granted the respondent's motion to vacate the arbitration award, dismissed petitioner's petition to confirm the award, and directed the parties to proceed to arbitration before a tripartite panel in accordance with the terms of the underlying insurance policy, unanimously reversed, on the law, without costs, the petition to confirm the award granted and the motion to vacate the award denied. The Clerk is directed to enter judgment accordingly.

The motion court erred in granting respondent insurance company vacatur of the arbitration award where it had participated in the arbitration proceeding with knowledge of the failure to comply with the arbitration clause and without voicing an objection. CPLR 7511 (b) (1) states:

"The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by * * *

"(iv) failure to follow the procedure of this article, *unless* the party applying to vacate the award continued with the arbitration with notice of the defect and without objection." (Emphasis added.)

" '[F]ailure to follow the procedure of this article' " is deemed to include the " 'improper manner of the selection of the arbitrators' " (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7511:6, at 583). Here, instead of complying with the selection process outlined in the underinsured motorist policy's arbitration clause that would have resulted in a tripartite panel, the parties proceeded under the American Arbitration Association's rules for a single arbitrator proceeding. The result under CPLR 7511 (b) (1) (iv) is that respondent waived its right under the arbitration clause to a tripartite panel.

The circumstances herein gave respondent timely notice, even for CPLR 7503 (c) stay purposes, that the arbitration was not proceeding in accordance with the policy's arbitration clause. The demand for arbitration was received, on October 31, 1994, without a copy of the policy's arbitration clause annexed. The American Arbitration Association's (AAA) letter of November 10, 1994 advised respondent that petitioner had not provided "a copy of a clause providing arbitration by the [AAA]", assumed that "the parties desire its [AAA's] administration under the Accident Claims Rules of the [AAA]", included a copy of their rules that stated in pertinent part (¶ 8) that "[u]nless applicable law or the agreement of the parties provides otherwise, the dispute shall be determined by one arbitrator", and directly mentioned the eventuality that a motion for a stay had been filed on grounds of non-compliance with the arbitration clause. Also, respondent knew that petitioner was not the policyholder but a third-party beneficiary of the policy, someone not likely to possess a copy of the policy or be familiar with it. Moreover, soon after the expiration of the 20-day period for seeking a stay, the AAA's letter of November 30, 1994, which effectively initiated a single-arbitrator proceeding pursuant to paragraph 8, was a further indication that they were not proceeding pursuant to the policy's arbitration clause. Respondent's subsequent participation in the arbitration proceeding with this knowledge and without objection, as well as its prior failure to seek a stay on

this basis, constituted a binding waiver of its contractual right to a tripartite panel. Furthermore, the vacatur of an arbitration award under these circumstances would undermine the strong public policy, embodied in such statutory provisions as CPLR 7506 (f) and 7511 (b) (1) (iv) and in decisions such as *Matter of Commerce & Indus. Ins. Co. v Nester* (90 NY2d 255, 262), protecting the integrity of arbitration proceedings.

*Matter of Lassiter v CNA Ins. Co.* (195 AD2d 362), relied upon by the motion court, is readily distinguished from the instant case. In *Lassiter*, this Court vacated an arbitration award rendered by a single arbitrator and directed that arbitration proceed in accordance with the insurance policy's arbitration clause that called for a tripartite panel. There, however, the parties initially proceeded in accordance with the arbitration clause, thus the issue of whether a stay should have been sought never arose. The non-compliance issue, as well as fairness issues, arose when the petitioner's arbitrator alone conducted the hearing. Also, unlike here, the respondent insurer noted its objection to the non-compliance. Concur—Sullivan, J. P., Rosenberger, Williams and Andrias, JJ.