■ TERAMO & Co., INC., Appellant, v O'BRIEN-SHEIPE FUNERAL HOME, INC., Respondent. [725 NYS2d 87] —In an action,

*inter alia*, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated February 28, 2000, which, after a nonjury trial, is in favor of the defendant on the counterclaims and against it in the principal sum of $27,180.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in favor of the plaintiff and against the defendant in the principal sum of $11,770.

On May 6, 1996, the defendant hired the plaintiff to construct an addition to its funeral home. The parties' contract did not specify a date for completion of the proposed work. A building permit for the project was issued by the Town of Hempstead on June 14, 1996, and work commenced about two weeks later. The project was substantially completed by late March 1997, and a Certificate of Completion was issued by the Town on April 15, 1997. Although the defendant made periodic payments to the plaintiff during the course of construction, the defendant failed to make full payment of the plaintiff's final bill, leaving a balance due of $17,950. The plaintiff subsequently commenced this action to recover the outstanding balance, and the defendant asserted counterclaims seeking damages for business allegedly lost due to delays in construction, and for the cost of hiring other contractors to correct problems caused by poor workmanship. At the conclusion of a nonjury trial, the Supreme Court dismissed the complaint, finding, *inter alia*, that the plaintiff's performance was "unsatisfactory from both a timely and skillful manner." The court also awarded the defendant judgment on its counterclaims, finding that it had lost $21,000 in profits due to construction delay, and suffered damages in the sum of $6,180 due to the plaintiff's faulty workmanship. We reverse.

Where a contract fails to state a date for the completion of a construction project, a reasonable time is implied (*see, Young v Whitney,* 111 AD2d 1013; *Lake Steel Erection v Egan,* 61 AD2d 1125; *see also, Savasta v 470 Newport Assocs.,* 82 NY2d 763). What constitutes a reasonable time for performance of a contract depends upon the facts and circumstances of the particular case (*see, Savasta v 470 Newport Assocs., supra*), including the subject matter of the contract, the situation of the parties, their intention, what they contemplated at the time the contract was made, and the circumstances surrounding performance (*see, Young v Whitney, supra*; *Lake Steel Erection v Egan, supra*; *Hills v Melenbacher,* 23 AD2d 803).

Taking these factors into account, we find that the court's

determination that the plaintiff's performance was untimely is not supported by a fair interpretation of the evidence, and exercise our authority, in reviewing a bench trial, to render a judgment we find warranted by the facts (*see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Terranova v Secured Capital Corp.,* 275 AD2d 743; *Krol v Eckman,* 256 AD2d 945). Significantly, there was no clause in the parties' contract which made time of the essence (*cf., Bilotto v Webber,* 172 AD2d 639), and the defendant continued to make periodic payments to the plaintiff through February 1997. The evidence presented at trial reveals that some delay in construction was attributable to the defendant's request that no work at the premises be performed while funeral services were in progress.

While the evidence presented in support of the defendant's counterclaims established that the defendant expended $6,180 to repair certain items which had not been properly completed in a workmanlike manner, this constituted only a small portion of the project, and does not preclude the plaintiff contractor from recovering on the theory of substantial performance (*see, A-1 Gen. Contr. v River Mkt. Commodities,* 212 AD2d 897, 900; *Lyon v Belosky Constr.,* 247 AD2d 730). In such circumstances, the appropriate measure of damages is the contract price less the cost of repairing the work improperly done (*see, Frank v Feiss,* 266 AD2d 825; *Lyon v Belosky Constr., supra; Sherman v Hanu,* 195 AD2d 810).

Accordingly, we find that the plaintiff should be permitted to recover on its first cause of action which seeks the outstanding balance due on the contract price, a sum of $17,950. However, the principal sum of the plaintiff's recovery should be reduced by $6,180, representing the damages sustained by the defendant for the cost of repairing work found to be unacceptable.

We further find that the trial court improperly awarded the defendant judgment on its first counterclaim seeking damages for lost profits. The defendant's unsubstantiated claim that it lost business due to the delay in completing construction of the extension to the funeral home is too speculative to allow recovery (*see, Lehigh Constr. Group v Almquist,* 262 AD2d 943; *Ecker v Zwaik & Bernstein,* 240 AD2d 360; *Gazzola Bldg. Corp. v Shapiro,* 181 AD2d 718, 719). Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.