■ In the Matter of LANDOW & LANDOW ARCHITECTS, P. C., Respondent, v SHOREFRONT JEWISH GERIATRIC CENTER, INC., Appellant. [734 NYS2d 645] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an architectural

malpractice claim, Shorefront Jewish Geriatric Center, Inc., appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated December 22, 2000, which granted the petition and denied its cross application to compel arbitration.

Ordered that the order is affirmed, with costs.

Pursuant to the unambiguous terms of the agreement between the petitioner and appellant, the applicable Statute of Limitations began to run upon "substantial completion" of the project. Contrary to the appellant's contention, the Supreme Court correctly found that substantial completion of the project occurred no later than May 1994, when the premises was occupied for its intended use (*see, State of New York v Lundin,* 60 NY2d 987). Accordingly, the demand for arbitration, which was dated June 28, 2000, is barred by the three-year Statute of Limitations involving an architectural malpractice claim (*see,* CPLR 214 [6]; *Breslin Realty Dev. Corp. v Lituchy,* 269 AD2d 554). The Supreme Court also correctly found that the continuous treatment doctrine does not toll the Statute of Limitations in the present case (*see, National Life Ins. Co. v Hall & Co.,* 67 NY2d 1021; *Loft Corp. v Porco,* 283 AD2d 556; *Breslin Realty Dev. Corp. v Lituchy, supra; Pittelli v Schulman,* 128 AD2d 600). Friedmann, J. P., Smith, Adams and Townes, JJ., concur.