(February 24, 2003)

■ A & Z STORE FRONTS, Respondent, v AMZURA ENTERPRISES, INC., Appellant. [755 NYS2d 296] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Ort, J.), entered June 22, 2001, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $6,275.

Ordered that the judgment is modified, on the law, by deleting from the first decretal paragraph thereof the provision awarding the plaintiff damages in the principal sum of $6,275, and substituting therefor a provision awarding damages in the principal sum of $5,275, and by deleting therefrom the award of interest; as so modified, the judgment is affirmed, with costs to the respondent, and the matter is remitted to the Supreme Court, Nassau County, for a recalculation of the interest to be awarded and the entry of an appropriate amended judgment.

The decision of the fact-finding court should not be disturbed on appeal after a nonjury trial unless the court's conclusions could not have been reached under any fair interpretation of the evidence, especially where, as here, the findings of fact rest in large measure on considerations relating to the credibility of the witnesses (*see Thoreson v Penthouse Intl.,* 80 NY2d 490, 495 [1992]; *Loughran v Town of Eastchester,* 299 AD2d 328 [2002]; *Ocap Acquisition Corp. v Paco Pharm. Servs.,* 243 AD2d 327 [1997]). Here, the evidence supports the trial court's conclusion that the defendant breached the contract, that the plaintiff had substantially performed under the contract, and that it had performed extra work for which it should be compensated, less the cost to the defendant for the completion of the work (*see Teramo & Co. v O'Brien-Sheipe Funeral Home,* 283 AD2d 635, 637 [2001]).

However, the Supreme Court erred in calculating the dam-

ages to be awarded to the plaintiff by failing to deduct the sum of $1,000 it had determined was the value of the window not installed by the plaintiff. Therefore, the judgment is modified by deleting the provision thereof awarding damages in the principal sum of $6,275 and substituting therefor a provision awarding the plaintiff damages in the principal sum of $5,275. The matter is remitted to the Supreme Court, Nassau County, for recalculation of the interest due from August 30, 1985, to the date of the original judgment.

The defendant's remaining contention is unpreserved for appellate review. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.