■ JAMES E. MCMURRAY ENTERPRISES, INC., Appellant-Respondent, v WILLIAM FROHLICH et al., Respondents-Appellants, et al., Defendant. [766 NYS2d 78] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Barone, J.), entered August 27, 2003, as, after a nonjury trial, dismissed the complaint, and the defendants William Frohlich and Phyllis Frohlich cross-appeal, as limited by their brief, from so much of the same judgment as dismissed the counterclaims.

Ordered that the plaintiff's notice of appeal from the decision dated May 24, 2001, and the defendants' notice of cross appeal from the same decision are deemed premature notices of appeal and cross appeal, respectively from the judgment entered August 27, 2003 (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is modified, on the facts, by (1) deleting the provision thereof dismissing the complaint and (2) adding thereto a provision awarding the plaintiff the principal sum of $97,791.80, against the defendants William Frohlich and Phyllis Frohlich; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for the calculation of interest and for the entry of an appropriate amended judgment.

On or about March 3, 1992, the plaintiff, a construction contractor, entered into a written contract with William Frohlich and Phyllis Frohlich (hereinafter the defendants), to build the defendants' single-family home in Pound Ridge. In the final stages of the construction, the defendants terminated the contract alleging, inter alia, that the plaintiff had breached the contract by failing to pay its subcontractors and complete the project. The plaintiff subsequently commenced this action to recover the outstanding balance under the construction

contract. The defendants asserted counterclaims seeking damages for alleged defective workmanship and failure to complete the work. At the conclusion of a nonjury trial, the Supreme Court dismissed the complaint and the counterclaims without making findings of fact.

The proof established that the plaintiff substantially completed the construction project (*see Teramo & Co. v O'Brien-Sheipe Funeral Home,* 283 AD2d 635 [2001]; *cf. Matter of Landow & Landow Architects v Shorefront Jewish Geriatric Ctr.,* 289 AD2d 492 [2001]). At trial, the building inspector testified that, prior to the termination of the contract by the defendants, the defendants received a temporary certificate of occupancy reflecting that construction of the house was about 99% complete. The building inspector testified that everything he inspected at the house met or exceeded generally accepted standards and good workmanship practices. The record included proof that, at the time of the termination of the contract by the defendants, the defendants' construction loan had been converted to a permanent loan and the defendants were residing in the house.

In the exercise of our authority, in reviewing a bench trial, "to render a judgment we find warranted by the facts" (*Teramo & Co. v O'Brien-Sheipe Funeral Home, supra* at 637; *see A-1 Gen. Contr. v River Mkt. Commodities,* 212 AD2d 897, 900 [1995]), we conclude that the plaintiff was entitled to recover the balance due on the contract in the sum of $97,791.80. The defendants failed to demonstrate that they incurred any monetary damages to complete unfinished or shoddy work that was within the scope of the contract. Santucci, J.P., Townes, Crane and Rivera, JJ., concur.