■ In the Matter of DiSunno Architecture et al., Appellants, v John W. Sheppard et al., Respondents. [795 NYS2d 678]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioners appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 9, 2003, which granted the respondents' motion to dismiss the proceeding.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith and a new determination thereafter.

The petitioners, as architects, and the respondents, as owners, entered into a standard form agreement for the renovation of the respondents' summer home. Insofar as relevant to this proceeding, the agreement provided that claims pertaining to the agreement would be deemed to accrue, for statute of limitations purposes, no later than the date of "substantial completion." The term "substantial completion," however, was not defined. The agreement also contained an arbitration clause which expressly barred any demand for arbitration made after the expiration of the applicable statute of limitations.

After the respondents filed a demand for arbitration, the petitioners commenced this proceeding to permanently stay arbitration on the ground that the demand was barred by the statute of limitations. The respondents moved to dismiss the proceeding, and the Supreme Court, addressing both the petition and the motion to dismiss, granted the motion to dismiss. We reverse.

Although the parties agree that the applicable period of limitations is three years, they sharply dispute the date of "substantial completion," which marks the accrual of the respondents'

claim. The record presents unresolved issues of fact requiring an evidentiary hearing to determine the date of "substantial completion" and the timeliness of the respondents' demand for arbitration (*see Eagle Ins. Co. v Perez,* 299 AD2d 544, 545 [2002]). Specifically, the petitioners allege, among other things, that the construction work was completed by June 14, 2000, with only "incidental" items remaining after that date, and that the respondents actually began to occupy the house on or about July 24, 2000. These allegations, if proven, would support the petitioners' contention that the demand for arbitration, dated July 29, 2003, was filed more than three years after the date of substantial completion and was therefore untimely (*see State of New York v Lundin,* 60 NY2d 987, 989 [1983] [construction may be complete even though incidental matters relating to the project remain open]; *Matter of Landow & Landow Architects, P.C. v Shorefront Jewish Geriatric Ctr.,* 289 AD2d 492 [2001] [substantial completion found to occur when premises are occupied for their intended use]; *Breslin Realty Dev. Corp. v Lituchy,* 269 AD2d 554 [2000]).

Contrary to the respondents' contention, the fact that Christopher DiSunno, a principal of the petitioner DiSunno Architecture, P.C., in a letter to the respondents dated August 18, 2000, stated, among other things, that the project was "at substantial completion" as of that date, was insufficient to establish their entitlement to the dismissal of the proceeding. The correspondence did not, as a matter of law, disprove the petitioners' allegations that substantial completion had, in fact, occurred earlier. Accordingly, the Supreme Court had insufficient basis to either grant or deny the petition, and instead should have conducted an evidentiary hearing to determine the date of "substantial completion" and the timeliness of the respondents' demand for arbitration. Prudenti, P.J., Adams, Rivera and Fisher, JJ., concur.