# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

872

CA 11-00776

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, GREEN, AND GORSKI, JJ.

O'BRIEN & GERE LIMITED AND O'BRIEN & GERE
ENGINEERS, INC.,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                                MEMORANDUM AND ORDER

NEXTGEN CHEMICAL PROCESSES, INC., NEXTGEN
FUEL, INC., GOLDEN TECHNOLOGY MANAGEMENT, LLC,
JOHN GAUS, JEFF DEWEESE AND PHILIP D. LEVESON,
DEFENDANTS-RESPONDENTS-APPELLANTS.

FRANK A. BERSANI, JR., SYRACUSE, FOR PLAINTIFFS-APPELLANTS-
RESPONDENTS.

FRENCH-ALCOTT, PLLC, SYRACUSE (LEE ALCOTT OF COUNSEL), FOR DEFENDANTS-
RESPONDENTS-APPELLANTS.

-----------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered October 26, 2010. The order granted in part the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of defendants' motion for summary judgment dismissing the fifth cause of action against defendants Golden Technology Management, LLC, John Gaus, Jeff DeWeese and Philip D. Leveson and by reinstating that cause of action against those defendants, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, damages resulting from defendants' alleged breach of a Services Agreement, pursuant to which plaintiffs were to install process equipment skids fabricated by a third-party supplier as part of a project to produce biodiesel fuel. Under the terms of that agreement, defendant NextGen Fuel, Inc. (NextGen Fuel) was to deposit plaintiffs' entire payment into an escrow account from which plaintiffs were to receive an installment "within three days of the closing and funding of a financing agreement between NextGen [Fuel] and [its] investor." Plaintiffs appeal from an order granting those parts of defendants' motion for summary judgment dismissing the 1st through 4th and 6th through 10th causes of action, as well as the 5th cause of action against defendant Golden Technology Management, LLC (Golden Technology) and the individual defendants. Defendants cross-appeal

from the order only insofar as it denied that part of their motion with respect to the fifth cause of action against NextGen Fuel and its parent company, defendant NextGen Chemical Processes, Inc. (collectively, NextGen defendants). We note that although only the court's decision, but not the order on appeal, expressly grants that part of defendants' motion with respect to the fifth cause of action against Golden Technology and the individual defendants, "it is well established that where there is a discrepancy between the order and the decision, the decision controls" (*Utica Mut. Ins. Co. v McAteer & FitzGerald, Inc.*, 78 AD3d 1612, 1612-1613; *see Matter of Edward V.*, 204 AD2d 1060, 1061).

Addressing first the cross appeal, we reject defendants' contention that Supreme Court erred in denying those parts of their motion for summary judgment dismissing the fifth cause of action against the NextGen defendants, alleging a breach of the Services Agreement. The NextGen defendants established their entitlement to judgment as a matter of law with respect to that cause of action by submitting evidence that no financing agreement between NextGen Fuel and its investor was ever closed and funded (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In opposition to the motion, however, plaintiffs submitted evidence raising a triable issue of fact whether a $200,000 down payment for a biodiesel processing system made by a potential investor in the project to a third party supplier constituted a "financing agreement" within the meaning of the Services Agreement (*see generally id.*). Further, we agree with the court that, in the absence of an express provision in the Services Agreement concerning the time of performance for the escrow deposit, the timing of the escrow deposit need only be reasonable, and that issue cannot be determined as a matter of law on this record (*see Lake Steel Erection v Egan*, 61 AD2d 1125, 1126, *lv dismissed* 44 NY2d 646, 848; *see generally Spagna v Licht*, 87 AD2d 626).

We agree with plaintiffs on appeal that the court erred in granting those parts of the motion for summary judgment dismissing the fifth cause of action against Golden Technology and the individual defendants. We therefore modify the order accordingly. To establish their entitlement to judgment as a matter of law, those defendants were required to submit evidence "demonstrat[ing] that they were acting only as officers and stockholders in performing [the] corporate business" of the NextGen defendants (*Lawlor v Hoffman*, 59 AD3d 499, 500). Golden Technology and the individual defendants failed to do so, and they may not meet their summary judgment burden by pointing to gaps in plaintiffs' proof (*see generally Higgins v Pope*, 37 AD3d 1086). We have reviewed plaintiffs' remaining contentions on appeal and conclude that they are without merit.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court