# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1336**
**CA 12-00483**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

BAISCH, INC., PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

THE PIKE COMPANY, INC., DEFENDANT-APPELLANT.

---

PHILLIPS LYTLE LLP, ROCHESTER (MARK J. MORETTI OF COUNSEL), FOR DEFENDANT-APPELLANT.

PIRRELLO, MISSAL, PERSONTE & FEDER, ROCHESTER (STEVEN E. FEDER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered June 8, 2011. The order denied the motion of defendant for partial summary judgment on its counterclaim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, amounts allegedly owed under a construction contract, and defendant asserted a counterclaim for breach of contract based, inter alia, on plaintiff's alleged failure to perform in a timely manner and to provide adequate labor and materials. Supreme Court properly denied defendant's motion for partial summary judgment on liability on that counterclaim. With respect to plaintiff's alleged untimely performance, we note that, "[w]hen a contract does not specify time of performance, the law implies a reasonable time" (*Savasta v 470 Newport Assoc.*, 82 NY2d 763, 765, *rearg denied* 82 NY2d 889). "What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case" (*id.*). Here, the contract states that "[t]ime is of the essence as to the prosecution of the [plaintiff's] Work," and thus the failure to perform in a timely manner would constitute a material breach (*see Wilkinson v Hoelscher*, 163 AD2d 819, 819). The contract does not, however, specify a time for performance. Although reference is made to a "Schedule of Work," the record does not contain any such schedule, nor is there other evidence of what would be a reasonable time. Thus, "th[e] issue cannot be determined as a matter of law on this record" (*O'Brien & Gere Ltd. v NextGen Chem. Processes, Inc.*, 87 AD3d 1277, 1278; *see Lake Steel Erection v Egan*, 61 AD2d 1125, 1126, *lv dismissed* 44 NY2d 848).

Similarly, there is an issue of fact whether plaintiff failed to

provide adequate labor and material precluding summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  With respect to labor, the contract specifies that plaintiff shall "supply sufficient properly-skilled workmen," but defendant's repeated statements that the project was understaffed are insufficient to establish a breach of that contractual requirement as a matter of law.  Indeed, there is no evidence of the number of workers present and the number necessary to complete the various tasks that plaintiff was required to perform.  We reject defendant's further contention that it established as a matter of law that plaintiff failed to provide equipment in the quantity and quality required by the contract.  Although plaintiff admitted that it did not have any pumps on site, there is no evidence in the record that defendant gave plaintiff notice that its equipment was not of adequate quantity or quality or that it gave plaintiff the opportunity to cure required by the contract (*see J.J. Juliano Constr. v Burgio & Campofelice*, 273 AD2d 921, 921).

Furthermore, defendant did not establish as a matter of law plaintiff's abandonment of the contract, i.e., an " 'unqualified and clear refusal to perform with respect to the entire contract' " so as to constitute an anticipatory repudiation of the contract (*O'Connor v Sleasman*, 37 AD3d 954, 956, *lv denied* 9 NY3d 806).  Defendant sent an intent-to-terminate letter giving plaintiff 48 hours to cure alleged breaches on the day before plaintiff "walked off the job."  Defendant has not demonstrated that it was possible for plaintiff to cure within that time period, and defendant's employee testified that the parties were in negotiations to resolve their disputes.  In this context, plaintiff's actions did not rise to an unequivocal refusal to perform the whole of the contract at any time (*see id.*).  Finally, to the extent that certain of defendant's arguments are raised for the first time on appeal, those contentions are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court