255 Butler Assoc., LLC v 255 Butler, LLC (2022 NY Slip Op 05068)

255 Butler Assoc., LLC v 255 Butler, LLC

2022 NY Slip Op 05068

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-12260
 (Index No. 511560/15)

[*1]255 Butler Associates, LLC, respondent,
v
255 Butler, LLC, appellant, et al., defendants.

Heller, Horowitz & Feit, P.C., New York, NY (Stuart A. Blander and Eli Feit of counsel), for appellant.
Susman Godfrey LLP, New York, NY (Jacob W. Buchdahl, Cory Buland, and Beatrice C. Franklin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendant 255 Butler, LLC, appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated October 9, 2019. The order granted the plaintiff's motion for summary judgment on its first cause of action, seeking a declaration that no default existed under a certain lease, and dismissing the defendants' first and third affirmative defenses, and denied the defendants' cross motion for summary judgment on the defendants' counterclaim seeking a declaration that the tenant was in default of the lease.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' first and third affirmative defenses and denied the defendants' cross motion for summary judgment on its counterclaim seeking a declaration that the tenant was in default of the lease is dismissed as academic in light of our determination in the related appeal from an order dated February 14, 2019 (see 255 Butler Associates, LLC v 255 Butler, LLC, ___ AD3d ___ [Appellate Division Docket No. 2019-03306; decided herewith]); and it is further,
ORDERED that the order is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making the appropriate declaration in favor of the plaintiff; and it is further,
ORDERED that the one bill of costs is awarded to the plaintiff.
In March 2013, the defendant landlord, 255 Butler, LLC (hereinafter the landlord), entered into a commercial lease with the plaintiff tenant, 255 Butler Associates, LLC (hereinafter the tenant), relating to certain real property located at 255 Butler Street in Brooklyn (hereinafter the lease) (see 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d 649, 650). The lease recited that it was the tenant's intention to convert the property "into a multi unit property, which may include a hotel."
In the spring of 2015, apparently at least in part due to difficulty in obtaining financing to develop the planned hotel, the tenant entered into negotiations with WeWork to sublease [*2]the premises for its business (hereinafter the proposed sublease). As part of those negotiations, WeWork demanded that the tenant provide it with the landlord's executed subordination and non-disturbance agreement (hereinafter SNDA). Accordingly, the tenant informed the landlord of its new proposed use and sought its consent to the SNDA. The landlord regarded the tenant's negotiations for a proposed sublease to WeWork to be a violation of the terms of the lease.
On July 27, 2015, the landlord served the tenant with a "Notice to Cure Lease Default," alleging several defaults, including that the tenant failed to "diligently pursue" the planned conversion of the building located on the property into a multi-unit commercial complex (see id. at 650). The landlord demanded that the tenant cure all violations of the lease on or before September 1, 2015, and stated that if the defaults were not cured by that date, the landlord would have the right to terminate the lease (see id.). On September 11, 2015, the landlord served a "Notice of Termination of Tenancy" on the tenant, which stated that the tenant failed to cure all of the alleged defaults and that the lease would be terminated effective September 30, 2015 (see id.).
On September 21, 2015, the tenant commenced this action seeking, inter alia, a declaration that it had not defaulted under the lease. It also moved for a Yellowstone injunction protecting its leasehold interest in the subject property (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630), which was granted (see 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d at 650). In a prior decision and order, this Court determined that the tenant's application for Yellowstone relief was timely (see id. at 651).
The tenant moved, inter alia, for summary judgment on its cause of action seeking a declaration that no default existed. The Supreme Court found that the tenant met its prima facie burden to demonstrate that it was entitled to summary judgment declaring that no event of default existed under the parties' lease, and that the defendants failed to raise a triable issue of fact in opposition. Accordingly, the court, inter alia, granted the tenant summary judgment on its first cause of action declaring that it was not in default of the lease. The landlord appeals. We affirm insofar as reviewed.
Since a lease is a contract, the question of whether the tenant violated the lease raises issues of contract interpretation. The "'fundamental, neutral precept of contract interpretation [is] that agreements are construed in accord with the parties' intent,' and '[t]he best evidence of what parties to a written agreement intend is what they say in their writing'" (Donohue v Cuomo, 38 NY3d 1, 12, quoting Greenfield v Philles Records, 98 NY2d 562, 569; see Jin Ming Chen v Insurance Co. of the State of Pa., 36 NY3d 133, 138; Deutsche Bank Natl. Trust Co. v Barclays Bank PLC, 34 NY3d 327, 340). "'The words and phrases used by the parties must, as in all cases involving contract interpretation, be given their plain meaning'" (Ellington v EMI Music, Inc., 24 NY3d 239, 244, quoting Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534; see Jin Ming Chen v Insurance Co. of the State of Pa., 36 NY3d 133, 138). "'[W]here a contract was negotiated between sophisticated, counseled business people negotiating at arm's length, courts should be especially reluctant to interpret an agreement as impliedly stating something which the parties' specifically did not include" (Donohue v Cuomo, 38 NY3d at 12, quoting 2138747 Ontario, Inc. v Samsung C & T Corp., 31 NY3d 372, 381). "'[W]here the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole'" (Tomhannock, LLC v Roustabout Resources, LLC, 33 NY3d 1080, 1082, quoting Ellington v EMI Music, Inc., 24 NY3d at 244; see Donohue v Cuomo, 38 NY3d at 12-13).
Here, the parties agree that the lease does not contain any deadlines or milestones but rather requires only that the tenant "diligently pursue" conversion of the subject property. It is likewise undisputed that the lease contains no terms by which the tenant's diligence may be measured. Where a contract fails to specify the time for performance, the law will imply a reasonable time (see Fernandez v Abatayo, 172 AD3d 821, 822; Teramo & Co. v O'Brien-Sheipe Funeral Home, 283 AD2d 635, 636). "'What constitutes a reasonable time [for performance] depends [up]on the facts and circumstances of the particular case'" (Ashkenazi v Miller, 190 AD3d 668, 671, quoting Ben Zev v Merman, 73 NY2d 781, 783).
In support of its claim that it diligently pursued conversion of the subject property, the tenant proffered evidence that, since leasing the property, it had commissioned a hotel economic impact study, prepared a business plan, and obtained proposals from three firms interested in operating the planned hotel. Based upon this investigative work, the tenant assembled a design team; obtained a survey of the property, zoning approval, an environmental spill report, and various permits; accepted proposals and entered into contracts with an architect, a food service contractor, a façade repair firm, general, green roof, pool, acoustical, lighting, and IT designers, and general, structural, and geotechnical engineers; obtained architectural drawings for the hotel project; and participated in numerous meetings. During the summer of 2015, the tenant was also negotiating with prospective lenders to obtain a leasehold mortgage to finance construction. After the tenant entered into negotiations with WeWork, it obtained an architectural assessment of the property for use as offices and began preparing alternate plans, despite still pursuing its plans for a hotel. The tenant thereby satisfied its prima facie burden.
In opposition, the defendants offered only conclusory assertions that the tenant should have made greater progress in the approximately two years between the signing of the lease and the issuance of the notice to cure. The Supreme Court therefore correctly determined that the defendants failed to raise a triable issue of fact in opposition to the tenant's prima facie showing that it had diligently pursued conversion of the property notwithstanding the fact that construction had not yet commenced.
To the extent that the landlord additionally contends that the tenant's negotiations with WeWork violated the terms of the lease, there is no dispute that the tenant's proposed sublease to WeWork was never executed. Consequently, that proposed sublease could not serve as an alternative basis for finding the tenant in default of the lease.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on its cause of action seeking a declaration that no default existed under the lease.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making the appropriate declaration in favor of the plaintiff (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court